UNITED BOOKS, INC., Plaintiff, Appellant,

v.

John J. CONTE, Et Al., Defendants, Appellees.

No. 83–1832.

United States Court of Appeals, First Circuit.

Argued March 8, 1984.
Decided July 26, 1984.

Regina L. Quinlan, Boston, Mass., for appellant.

Frances L. Robinson, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Frederick W. Riley, Chief, Crim. Div., and Barbara A.H. Smith, Asst. Atty. Gen., Chief, Criminal Appellate Division, Boston, Mass., were on brief, for appellees.

Before COFFIN and BOWNES, Circuit Judges, and GIERBOLINI,* District Judge.

COFFIN, Circuit Judge.

The plaintiff, United Books, Inc., operates what is commonly referred to as an

"adult bookstore" in Worcester, Massachusetts. The store sells, among other things, books, magazines, films, and videotapes that describe or depict explicit sexual conduct. The store also maintains private, coin-operated booths where patrons may view sexually explicit films.

The plaintiff, its officers and employees, have been charged six times since April, 1981, with violations of the Massachusetts obscenity statute, Mass.Gen.Laws ch. 272, § 29. Each of these prosecutions was based on the plaintiff's display of allegedly obscene films in the private booths at its store. The last of these prosecutions, which is still pending on appeal from a conviction, was brought in May, 1983 under an amended version of the Massachusetts obscenity statute. That amendment, St. 1982, ch. 603, §§ 3 & 7, increased the penalties for obscenity offenses and altered the statutory definition of obscenity. The first five prosecutions were brought before the obscenity statute was amended.

The plaintiff brought this action under 42 U.S.C. § 1983 alleging that the defendant had violated the First and Fourteenth Amendment rights of United Books, its officers and employees by singling out for enforcement the films shown in its private booths. United Books sought an injunction enjoining future prosecutions "pending a declaration of the constitutionality of the obscenity [statute] prior to its amendment by the Supreme Judicial Court for the Commonwealth of Massachusetts and pending a declaration of the constitutionality of the obscenity law as amended...." In addition, the plaintiff sought a declaratory judgment holding that the amended Massachusetts obscenity law is unconstitutional "both on its face and as applied to the plaintiff United Books, Inc."

The district court dismissed the complaint. It held that the decision of the Massachusetts Supreme Judicial Court in *Commonwealth v. United Books, Inc.*, 389 Mass. 888, 453 N.E.2d 406 (1983), rendered the complaint moot insofar as it sought to

* Of the District of Puerto Rico, sitting by designation.

enjoin further prosecution pending a declaration of the constitutionality of the pre-amendment statute, and that the doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), precludes issuance of injunctive or declaratory relief based on plaintiff's challenge to the constitutionality of the post-amendment statute. The plaintiff argues that the district court erred and that neither the Supreme Judicial Court's decision in *United Books* nor the *Younger* doctrine present any bar to its request for injunctive and declaratory relief. We affirm.

We have no trouble affirming the district court's conclusion that the *United Books* decision rendered moot plaintiff's request for an injunction pending adjudication of the constitutionality of the pre-amendment statute by the Supreme Judicial Court. In its decision the Supreme Judicial, Court explicitly declared that Mass.Gen.Laws ch. 272, § 29, as supplemented by § 31, which contains the statute's definition of obscenity, is constitutional, both on its face and as applied. 389 Mass. at 889–94, 453 N.E.2d 406. Since the Supreme Judicial Court has declared the constitutionality of the pre-amendment version of the statute, plaintiff's request for an injunction pending that declaration is undeniably moot.

Whether the *Younger* doctrine prevents the district court from enjoining future prosecutions based on the post-amendment version of the statute and from evaluating the constitutionality of that statute is a somewhat harder question.

■ The Supreme Court has had frequent occasion to elaborate on its holding in *Younger* and to define the limits of "Our Federalism". *See, e.g.*, C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* §§ 4251–55 (1978 & Supp.1984) (discussing *Younger* and its progeny). It is by now well established that a federal court may not entertain a challenge to state action nor give injunctive or declaratory relief if a state criminal action is pending when the federal action is commenced. Rather, the federal court must dismiss the action without addressing the merits "ex-

cept in the rare case in which the *Younger* standard of bad faith, harassment, or other extraordinary circumstance is satisfied". C. Wright, *Law of Federal Courts* 325–26 (4th ed. 1983).

■ Since a prosecution under the post-amendment statute is currently pending against the plaintiff in Massachusetts, the district court held that it must defer to the state courts and refrain from considering plaintiff's claim. Plaintiff argues that this was error and that abstention was not required. It contends that the *Younger* doctrine is no bar to its request for injunctive relief because it seeks only to enjoin future prosecutions, not those currently pending. Although we are aware of no case directly on point, we conclude that *Younger's* policy of comity requires dismissal of plaintiff's claim for injunctive relief.

In coming to this conclusion we are guided by our own decision in *Guerro v. Mulhearn*, 498 F.2d 1249, 1253 (1st Cir.1974), where we held that a suit for damages under the federal civil rights statute could not be maintained if it would have a substantially disruptive effect upon an ongoing state proceeding:

"Where the federal court, in dealing with the question of damages caused by violation of civil rights, would have to make rulings by virtue of which the validity of a conviction in contemporary state proceedings would be called in question, the potential for federal-state friction is obvious. The federal ruling would embarrass, and could even intrude into, the state proceedings. Questions concerning the effect to be given the federal ruling in the state courts might be difficult ones, and could lead to delay, or even derailment of the course of the state action." (Footnote omitted).

This rationale strikes us as equally applicable to the case at bar.

Plaintiff seeks a preliminary injunction enjoining future prosecutions based on the post-amendment statute, pending a declaration of the statute's constitutionality by the state appellate courts or the federal district

court. In order to grant such an injunction the district court would necessarily have to find that plaintiff's constitutional challenge has a substantial likelihood of success. Although such a declaration by itself would not have binding collateral effect in the state courts, it would serve notice to the state courts that an adverse declaratory judgment could be expected. This expectation might immobilize the state proceedings or lead to a "rush to judgment" to foreclose estoppel. Either result would violate *Younger's* obvious policy: "to permit state courts to try state cases free from interference by federal courts". 401 U.S. at 43, 91 S.Ct. at 750.

While the grant of a preliminary injunction would have an indirect effect upon the pending state appeal, granting plaintiff's request for declaratory relief would actually resolve an issue central to that appeal. Such a declaration, which would be binding on the state courts, would constitute just the sort of interference condemned in *Samuels v. Mackell*, 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971), where the Court held that "the basic policy against federal interference with pending state criminal prosecutions will be frustrated as much by a declaratory judgment as it would be by an injunction". *See also Conover v. Montemuro*, 477 F.2d 1073, 1080 (3d Cir.1973) (en banc) (noting that "[i]f the requested declaratory relief ... would ... adjudicate an issue ... which on the basis of collateral estoppel might affect the state

prosecution, then the federal court should not grant such relief").

Given that a state prosecution under the statute challenged here is presently pending before the state courts, that plaintiff has raised a constitutional objection to the statute in that forum,[1] and that federal adjudication of plaintiff's claim might affect the course and outcome of that prosecution, we affirm the district court's decision to deny injunctive and declaratory relief.[2] *See, e.g., Middlesex County Ethics Comm. v. Garden State Bar Association*, 457 U.S. 423, 431–32, 102 S.Ct. 2515, 2521–22, 73 L.Ed.2d 116 (1982) (holding that a federal court must abstain under *Younger* when an "ongoing state judicial proceeding", implicates "important state interests", and affords "an adequate opportunity ... to raise constitutional challenges").

The plaintiff seeks to avoid the *Younger* bar by arguing that the defendant's repeated prosecution of United Books, its officers and employees amounts to the sort of "harassment" sufficient to justify federal intervention under *Younger*. We disagree. Plaintiff's assertion that the state's prosecution has had a "chilling effect" on First Amendment rights is insufficient. *Younger v. Harris*, 401 U.S. 37, 51, 91 S.Ct. 746, 754, 27 L.Ed.2d 669 (1971). In order to justify federal intervention in a pending prosecution, the plaintiff must demonstrate "bad faith, harassment, or

---

1. In its appellate brief plaintiff conceded that "the appeal pending in the sixth prosecution [the only prosecution under the post-amendment statute] does raise the same constitutional issues raised in the instant case."

2. Contrary to plaintiff's assertion, the court's decision in *Wooley v. Maynard*, 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977), does not support its claim for injunctive relief.

In *Wooley* the court affirmed a lower court order that enjoined the state of New Hampshire from prosecuting the plaintiffs for obscuring the state's motto on their automobile license plates. The plaintiffs in *Wooley* had been successfully prosecuted three times for masking their license plates, but the Court held that injunctive relief was nevertheless appropriate because the requested relief would neither interfere with any pending state proceedings nor "annul the results

of a state trial." 430 U.S. at 705, 97 S.Ct. at 1430 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975)).

Prospective injunctive relief in *Wooley* was appropriate because it could not influence or affect any pending state court adjudication. In the case at bar, however, plaintiff's appeal is pending before the Massachusetts courts. It is the pendency of this appeal, and the concomitant risk that a federal court judgment will influence that pending appeal, which requires us to affirm the district court's decision to abstain. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975) (holding that "[v]irtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings").

any other unusual circumstance that would call for equitable relief". 401 U.S. at 54, 91 S.Ct. at 755. These exceptions to *Younger's* policy of abstention have been very narrowly construed by the Court. *See, e.g., Kugler v. Helfant,* 421 U.S. 117, 126 n. 6, 95 S.Ct. 1524, 1531 n. 6, 44 L.Ed.2d 15 (1975) (" 'bad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"); *Perez v. Ledesma,* 401 U.S. 82, 83, 85, 91 S.Ct. 674, 676, 677, 27 L.Ed.2d 701 (1971) ("[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction ... is federal ... relief against pending state prosecutions appropriate"). *See also* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4255 (1978 & Supp.1984) ("what the Court has done confirms that the Court is right when it describes [the exceptions to Younger] as 'these narrow exceptions' " (quoting *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 611, 95 S.Ct. 1200, 1212, 43 L.Ed.2d 482 (1975))).

■ On the facts of this case—six prosecutions over a two year period that resulted in convictions all but once—we cannot say that the *Younger* exceptions have been satisfied. *See, e.g., Grandco Corp. v. Rochford,* 536 F.2d 197, 204 (7th Cir.1976) (evidence of multiple prosecutions will not support inference of harassment where the prosecutions generally resulted in convictions, thus indicating "only good faith enforcement of a judicially approved provision against judicially disapproved conduct"). Certainly the record in this case is not nearly so extreme as those where courts have found the *Younger* exceptions satisfied. *See, e.g., Krahm v. Graham,* 461 F.2d 703 (9th Cir.1972) (finding "bad faith" sufficient to justify federal intervention where 90 prosecutions were still pending against the plaintiffs under the state's anti-obscenity law despite their acquittal in the eleven prosecutions previously adjudicated).

*The judgment of the district court is affirmed. Each party shall bear its own costs.*