[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1095

GILLIAN MCLEOD,

Plaintiff, Appellant,

v.

STATE OF MAINE DEPARTMENT OF HUMAN SERVICES,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Boudin, Circuit Judge.

Caroline J. Gardiner on brief for appellant.
Andrew Ketterer, Attorney General, Marci A. Alexander, Assistant Attorney General, and William R. Stokes, Assistant Attorney General, on brief for appellee.

June 28, 2000

**Per Curiam**.    After a thorough review of the parties submissions and of the record, we affirm.  In order to establish that an exception to abstention under Younger v. Harris, 401 U.S. 37 (1971), would be appropriate, appellant must show that the "extraordinary circumstances" in question "render the state court incapable of fairly and fully adjudicating the federal issues before it."  Id. (quoting Kugler v. Helfant, 421 U.S. 117, 124-25 (1975)).  This is a "narrow exception" to the Younger abstention doctrine.  See Huffman v. Pursue, Ltd., 420 U.S. 592, 611 (1975); see also United Books, Inc. v. Conte, 739 F.2d 30, 34 (1st Cir. 1984).  The irreparable injury that is threatened must be one "'other than that incidental to every [] proceeding brought lawfully and in good faith.'" Younger, 401 U.S. at 47 (quoting Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

Appellant has not alleged facts showing that the state court is somehow incapable of adjudicating this matter including the federal issues, nor has she alleged an injury that is different "than that incidental to every [child protection] proceeding brought lawfully and in good faith.'" Id.  Appellant's argument that her federal action would not

interfere with the state action is unsupported by detailed argument and is inherently unpersuasive; the conduct of parts of the same controversy in federal court, after a state proceeding has begun, *is* an interference with the state proceeding. Further, it appears that if the federal court were to grant the relief she requests, its judgment would conflict with the previous order of the state court to "cease reunification." Abstention is most appropriate in such circumstances.

Thus, the lower court correctly abstained from this matter. See <u>Moore v. Sims</u>, 442 U.S. 415, 434-35 (1979) (since state courts traditionally have addressed important matters of family relations, allegation that those relations are threatened by ongoing state proceedings is insufficient, standing alone, to justify exception to abstention doctrine).

<u>Affirmed</u>. 1st Cir. Loc. R. 27(c).