Giaimo v. MacKinnon, et al.          CV-00-389-JD  10/20/00
                  UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Victor Giaimo, Michael Kalil,
and Rockingham Trading Post, LP

     v.                                    Civil No. 00-389-JD
                                           Opinion 2000 DNH 226
Stephen MacKinnon, Mark Sambataro,
and the Town of Salem, New Hampshire


                            O R D E R


     Plaintiffs Victor Giaimo and Michael Kalil are principals of
the Rockingham Trading Post, LP, a licensed pawnbroker located in
the town of Salem, New Hampshire.  The plaintiffs bring a civil
rights action pursuant to 42 U.S.C.A. § 1983, along with pendent
state law claims, arising from the defendants' practice of
seizing items from the Trading Post without a warrant and related
procedures.  In response to the plaintiffs' motion for a
preliminary injunction, the magistrate judge recommended that the
court abstain from considering an injunction against a pending
misdemeanor proceeding in the Salem District Court, but
recommended that the defendants be preliminarily enjoined from
removing from the Trading Post, without a search warrant, any
articles of personal property pledged, pawned, hypothecated, or
sold to the plaintiffs.  The defendants object to the magistrate
judge's recommendation.

<u>Discussion</u>

The magistrate issued a report and recommendation following a hearing held on September 8, 2000. The court makes a de novo determination of any objections raised concerning the magistrate's report. <u>See</u> 28 U.S.C.A. § 636(b)(1); Fed. R. Civ. P. 72(b). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." <u>Id.</u>

The parties do not object to the magistrate's background facts, as distinct from the recommended conclusions. Since the undisputed background facts as summarized by the magistrate appear to be accurate, based on the record presented, the court accepts the magistrate's summary for purposes of considering the objections to the recommendation for preliminary injunctive relief. <u>See</u> <u>Elmendorf Grafica, Inc. v. D.S. America (East), Inc.</u>, 48 F.3d 46, 50 (1st Cir. 1995). The background facts will not be repeated in this order except as may be necessary for the discussion.

The plaintiffs are being prosecuted in two state criminal proceedings that involve property taken from the Trading Post. In May of 2000, plaintiffs Giaimo and Kalil refused to relinquish pawned property to defendant Salem Police Officer Sambataro, who

2

did not have a warrant to search for or seize the property. The plaintiffs were charged in Salem District Court with violations of N.H. Revised Statutes Annotated ("RSA") § 398:13. Previously, in March of 2000, Giaimo and Kalil had been indicted in Rockingham County on charges of theft by receiving stolen property based on articles seized from the Trading Post by the Salem police also without a warrant. Both the Salem District Court and Rockingham County proceedings remain pending at this time.

Both the town ordinance and the state statute pertaining to pawnshops are referenced in this case. In their complaint, the plaintiffs challenge a section of the "Second Hand Dealer/Pawnbroker Ordinance" of the town of Salem, titled "Removal of Articles by Police Officers," and the conduct of the defendants pursuant to the ordinance.[1] See Salem, N.H. Mun. Code

---

[1]The challenged ordinance directs the Salem police department to seize, "pursuant to applicable criminal procedures," evidence from pawn shops that the police have determined is needed for evidence in a criminal investigation. Salem, N.H. Mun. Code § 251-7(A). The police are required to issue a receipt for the seized item. See id. The ordinance also requires the police to keep seized articles "under the court's direction as long as necessary to permit the article to be used as evidence" and to notify the original owner, the dealer or pawnbroker, and any other person with a legal interest in the property "[a]t the conclusion of all court proceedings or closure of the police investigation," that the property will be released

§ 251-7.  In particular, the plaintiffs allege that the practices of the Salem police, pursuant to the ordinance, of seizing property from the Trading Post without a warrant, failing to keep required records, and failing to return seized property violate the Fourth and Fourteenth Amendments.

The state also regulates the activities of pawnbrokers.  See RSA ch. 398.  RSA § 398:13 requires pawnbrokers to permit the police to enter pawnshops and to examine pawned property.[2]  The plaintiffs do not challenge the constitutionality of RSA § 398:13.

_____

in thirty days to the original owner if no other claim is made for the property.  Id. § 251-7(B).  Section 251-8 provides penalties for violations of chapter 251.

[2]RSA § 398:13 provides as follows:

The chief of police of a city, the selectmen of a town, or any officer authorized by either of them, may at any time enter upon any premises used by a licensed pawnbroker for the purposes of his business, ascertain how he conducts his business and examine all articles taken in inventories relating thereto.  Every such pawnbroker, his clerk, agent, servant or other person in charge of the premises shall exhibit to such officer on demand any or all of such articles, books and inventories.

RSA 398:14 provides that violation of RSA 398:13 constitutes a misdemeanor.

In their motion for a preliminary injunction, the plaintiffs seek to enjoin the defendants from removing any articles from the Trading Post without a search warrant and from prosecuting Kalil and Giaimo for violations of Salem Municipal Code § 251-7.[3] The magistrate judge concluded that injunctive relief against the pending prosecution in the Salem District Court was barred by the Younger abstention doctrine, and counsel for the plaintiffs concurred in that result at the hearing.[4] See Younger v. Harris, 401 U.S. 37 (1971). Given the plaintiffs' acquiescence in the magistrate's decision that abstention applied to bar their request for injunctive relief from prosecution, the court accepts the magistrate's recommendation to abstain. The court therefore

---

[3]The plaintiffs inexplicably ask that the defendants be enjoined from prosecuting George Stevenson, who is not a party in this action.

[4]The pending prosecutions against Giaimo and Kalil in Salem District Court are on charges of violating RSA 398:13. The plaintiffs, however, sought injunctive relief from prosecution for violating Salem Municipal Ordinance § 251-7, and there is apparently no pending prosecution based on violation of § 251-7. It would appear, therefore, that the Younger doctrine does not apply to the plaintiffs' specific request. Nevertheless, at the hearing, plaintiffs' counsel focused on the pending prosecution in Salem District Court for violations of RSA § 398:13 and agreed with the magistrate judge that the Younger abstention doctrine barred the requested relief. See Trans. of Sept. 8, 2000, at 4-5.

6

abstains from considering the plaintiffs' request for injunctive relief from the prosecution of the plaintiffs that is pending in Salem District Court.

The magistrate judge recommended that the court grant the plaintiffs' request for preliminary injunctive relief to enjoin the defendants from removing from the Trading Post, without a search warrant, any articles of personal property pledged, pawned, hypothecated, or sold to Giaimo, Kalil, or the Trading Post. The defendants object to the magistrate's recommendation, contending both that Younger abstention bars the recommended relief and that the plaintiffs are not entitled to preliminary injunctive relief. The court concludes that the plaintiffs' motion for preliminary injunctive relief is barred by the Younger abstention doctrine.

As noted in the magistrate's report and recommendation, ordinarily federal courts are obligated to exercise validly existing jurisdiction. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 821 (1976). Nevertheless, in exceptional circumstances, federal courts have the power to abstain from hearing cases, see Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-17 (1996), and when abstention principles apply, they are mandatory, see Colorado River, 424 U.S. at 816, n.22.

Under the <u>Younger</u> abstention doctrine, the principles of comity and federalism require federal courts to avoid interference with pending state criminal proceedings. <u>See</u> <u>Younger</u>, 401 U.S. at 43-44; <u>Rivera-Puig v. Garcia-Rosario</u>, 983 F.2d 311, 319 (1st Cir. 1992). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, <u>see</u> U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." <u>Casa Marie, Inc. v. Superior Court of Puerto Rico</u>, 988 F.2d 252, 262 (1st Cir. 1993) (discussing abstention doctrine). <u>Younger</u> abstention is appropriate, however, only if the state proceeding affords an adequate opportunity to raise constitutional challenges. <u>See</u> <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982).

In this case, the plaintiffs seek a prospective preliminary injunction to prevent the defendants from seizing, without a search warrant, any articles of personal property, which were pledged, pawned, hypothecated, or sold to the plaintiffs. Stated in mandatory terms, the plaintiffs ask that the defendants be required to obtain a search warrant before seizing any of the described articles from the Trading Post. A necessary element of the requested injunctive relief is a ruling that the plaintiffs

8

are likely to succeed in showing that a search warrant is constitutionally required to seize articles from the Trading Post, meaning that warrantless seizures are likely to be found to be illegal.  See United Books, Inc. v. Conte, 739 F.2d 30, 32-33 (1st Cir. 1984).

The plaintiffs' request for injunctive relief raises the issue of abstention under the Younger doctrine in light of the two pending state criminal proceedings.[5]  In both cases, the property in question was seized from the Trading Post by the Salem police without warrants.  A ruling in support of a preliminary injunction that warrantless seizures from the Trading Post are likely to be declared unconstitutional would call into question the police activity in both proceedings, which constitutes interference in the state proceedings.[6]  See United

_____

[5]Although the defendants address only the Rockingham County prosecution in their objection to the magistrate's report and recommendation, neither side has informed the court that the Salem District Court proceeding has terminated.

[6]The magistrate notes that under RSA § 398:13, the statute charged in the Salem District Court proceeding, the prosecution must prove that the plaintiffs wilfully hindered, obstructed, or prevented the police from entering the shop or examining the pawned article.  The magistrate concluded that the charged statute does not implicate the question of the legality of the seizure since it pertains only to entering the shop and examining pawned articles.  Despite the apparently limited scope of the statute, the plaintiffs were charged with failing to relinquish

9

Books, 739 F.2d at 33.  That the plaintiffs seek a prospective injunction does not remove the likely influence a ruling on the constitutionality of the police seizures would have on the pending proceedings.  See id. at 33 n.2; see also Ballard v. Wilson, 856 F.2d 1568, 1570 (5th Cir. 1988); cf. Wooley v. Maynard, 430 U.S. 705, 711 (1977) (permitting prospective injunctive relief where no state action was pending); Doran v. Salem Inn, Inc., 422 U.S. 922, 930 (1975) (same as to preliminary injunction); Rivera-Puig, 983 F.2d at 319-20 (same as to party not involved in state proceedings).

The constitutionality of the seizures can be challenged in

---

property to the police.  Therefore, whether or not the statute authorizes the charges brought against the plaintiffs, the charges directly implicate the legality of the seizure.

With respect to the Rockingham County proceedings, the magistrate concluded that suppression of the seized articles would not affect the prosecution because the Trading Post's transaction records, with detailed descriptions of the pawned property, would supply the necessary evidence of the allegedly stolen articles.  The defendants object on the ground that the transaction records are insufficient to show evidence of the plaintiffs' knowledge that the items were stolen, such as the original store packaging.  Whether or not the prosecution would still be able to make a case against the plaintiffs in the Rockingham County proceeding if the seized articles were suppressed is irrelevant.  Since it is likely that this court's ruling on the preliminary injunction will cause substantial interference in that proceeding by influencing the outcome of a motion to suppress abstention is an appropriate action to be considered.

each state court proceeding. As the magistrate noted, the plaintiffs can challenge the evidence seized without a warrant in the Rockingham County case through a motion to suppress. In the Salem District Court proceeding, the plaintiffs can defend their refusal to relinquish the property to the Salem police on the ground that the demand was illegal in the absence of a warrant.

In sum, the likely interference in the pending state criminal proceedings that would ensue from issuing a preliminary injunction as requested by the plaintiffs requires the court to abstain from the request. See United Books, 739 F.2d at 33. Abstention is warranted as to both requests for injunctive relief. The plaintiffs have not argued that any of the narrow exceptions to Younger abstention should apply in this case, and therefore, having failed to raise the issue of an exception, they have waived it. See Bettencourt v. Board of Registration in Med., 904 F.2d 772, 780 (1st Cir. 1990).

The report and recommendation of the magistrate to grant the plaintiffs' request for an injunction to restrain the defendants from seizing property from the Trading Post without a search warrant is rejected. The parties have not addressed abstention

issues as to the claims in the plaintiffs' complaint, and the court will not sua sponte consider abstention in that context.[7]

<u>Conclusion</u>

For the foregoing reasons, the plaintiffs' motion for a preliminary injunction (document no. 3) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

October 20, 2000

cc:   Ralph Stein, Esquire
      Donald E. Gardner, Esquire

---

[7]The injunctive relief sought in the plaintiffs' motion is broader than the relief requested in their complaint.  In the motion, the plaintiffs aim generally at the defendants' conduct, without reference to § 251-7, while the relief requested in the plaintiffs' complaint is limited to enjoining the defendants from enforcing and prosecuting the plaintiffs under § 251-7.