United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 30, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-10727
Summary Calendar

---

VIRTIS L. GIBSON,

Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS; RONALD G. THOMPSON, South Central
Regional Office Director (official and Individual Capacities);
JESSIE JONES, JR., South Central Regional Office Drug and Alcohol
Program Coordinator (Official and Individual Capacities); RALPH
J. PAYNE, Warden Federal Correction Institute Big Spring
(Official and Individual Capacities); JACKIE GREGGS, Associate
Warden Federal Correction Institute (Official and Individual
Capacities); ERNESTO RENTAS, Sunrise Unit Manager (Official and
Individual Capacities); MARIE DOUGLAS, Federal Correction
Institute Chief of Psychology (Official and Individual
Capacities); WILLIAM B. WOOD, Staff Psychologist (Official and
Individual Capacities); H.V. PAYNE, Federal Correction Institute
Drug and Alcohol Program Coordinator (Official and Individual
Capacities); PHILLIP SHANKS, Case Manager Coordinator (Official
and Individual Capacities); CATHY NEW, Casemanager (Official and
Individual Capacities); F. HOBBS, Casemanager (Official and
Individual Capacities); JOHN DOES, Bureau of Prison Employees
(Official and Individual Capacities); JANE DOES, Bureau of Prison
Employees (Official and Individual Capacities),

Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CV-94

---

Before JONES, BARKSDALE, and PRADO, Circuit Judges:

PER CURIAM:[*]

Virtis L. Gibson appeals the district court's dismissal of his civil rights action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that the Bureau of Prisons (BOP) and BOP officers denied his right to participate in a BOP drug treatment program. The district court dismissed Gibson's claims against the BOP and BOP officers in their official capacities as barred by the doctrine of sovereign immunity; the district court dismissed Gibson's claims against BOP officers in their individual capacities as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

Gibson first argues that the district court erred in dismissing his complaint without giving him notice and an opportunity to amend it. A district court need not give a 42 U.S.C. § 1983 plaintiff notice or opportunity to amend her complaint before it is dismissed pursuant to 28 U.S.C. § 1915. Graves v. Hampton, 1 F.3d 315, 318 n.12 (5th Cir. 1993), abrogated on other grounds, Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994); see also Christiansen v. Clarke, 147 F.3d 655, 658 (8th Cir. 1998) (upholding the sua sponte dismissal of an in forma pauperis prisoner's 42 U.S.C. § 1983 complaint for failure to state a

---

[*]      Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

claim).  Therefore, Gibson was not entitled to notice and an opportunity to amend his complaint before the dismissal of his complaint.

Gibson argues that the district court erred in dismissing his claims against the BOP and its officials in their official capacity as barred by the doctrine of sovereign immunity.  Gibson may bring a <u>Bivens</u> action against individual officers for a alleged constitutional violation, but he may not bring an action against the United States, the BOP, or BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity.  <u>See</u> <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 71-72 (2001); <u>see</u> <u>also</u> <u>Hafer v. Melo</u>, 502 U.S. 21, 25 (1991) (claims against employees in official capacities are considered a suit against the government entity).

Gibson also argues that the district court erred in dismissing his claims against BOP officers in their individual capacities as barred by the doctrine of sovereign immunity.  The record reflects that the district court dismissed his claims against BOP officers in their individual capacities as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Therefore, this claim lacks merit.

Gibson argues that the district court abused its discretion in dismissing his claims against the BOP officers in their individual capacities.  He argues the BOP violated his constitutional rights, 18 U.S.C. § 3621, and federal regulations in

3

refusing to accept him into the BOP residential drug treatment program. Gibson does not have a protected liberty interest in his eligibility for the drug treatment program. See Moody v. Doggett, 429 U.S. 78, 88 n.9 (1976)(Prisoner classification and eligibility for rehabilitation programs are not subject to "due process" protections); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995)(same). Because BOP officials have full discretion to determine prisoners' eligibility for the drug treatment program under 18 U.S.C. § 3621(e)(2)(B), Gibson has not shown that BOP officials violated the statute in denying his request to participate in the program. A violation of a prison regulation without more does not state a constitutional violation. See Edwards v. Johnson, 209 F.3d 772, 779 (5th Cir. 2000). Further, the sentencing judge's recommendation that Gibson be allowed to participate in the program was not binding on BOP officers. See, e.g., United States v. De La Pena-Juarez, 214 F.3d 594, 601 (5th Cir. 2000). Gibson has not shown that BOP officials violated the Privacy Act. See 5 U.S.C. § 552a.

Gibson's appeal is without arguable merit and is DISMISSED as frivolous. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal of Gibson's complaint under § 1915(e)(2)(B)(i), (ii), and (iii), and the dismissal of the instant appeal as frivolous both count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Gibson is cautioned that if

4

he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Gibson's motion for appointment of counsel is DENIED.

**APPEAL DISMISSED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; SANCTION WARNING ISSUED.**