United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2006**

Charles R. Fulbruge III
Clerk

In the
United States Court of Appeals
for the Fifth Circuit

Nº 05-60237
Summary Calendar

REYDEL SANTOS,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal From the United States District Court
for the Southern District of Mississippi
Nº 5:03-CV-507

Before SMITH, GARZA, and PRADO,
Circuit Judges.

PER CURIAM:*

Reydel Santos appeals the dismissal, for want of jurisdiction, of his suit for negligence and intentional infliction of emotional distress ("i.i.e.d.") brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* We affirm.

I.

Santos was an inmate at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI Yazoo City"). During the time period

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relevant to this action,[1] Bureau of Prisons ("BOP") regulations stated that "[a]ll areas of Bureau of Prisons facilities and vehicles are no smoking areas unless specifically designated as a smoking area by the Warden as set forth in § 551.163." 28 C.F.R. § 551.162 (2002). The regulations further provided that "[t]o the maximum extent practicable nonsmoking inmates shall be housed in nonsmoking living quarters." 28 C.F.R. § 551.163(c) (2002). Pursuant to these regulations, all buildings at FCI Yazoo City, including inmate dormitories, were designated as smoke-free areas.

After exhausting available administrative remedies with the Bureau of Prisons, Santos sued, alleging that despite these anti-smoking regulations, he was exposed to environmental tobacco smoke ("ETS") in his housing unit at FCI Yazoo City as a result of prison officials' negligence in (1) failing to enforce the no-smoking regulations; (2) failing adequately to staff the prison dormitories so there would be enough supervision to enforce the smoking ban; (3) failing appropriately to discipline inmates caught smoking; (4) failing to provide a separate dormitory for nonsmoking inmates; (5) removing the platforms on which correctional officers' desks had previously been placed and from where the officers could see whether inmates were smoking; and (6) keeping windows in the dormitories sealed and incapable of being opened to admit fresh air. Santos contends that as a result of his exposure to ETS, he has experienced headaches, respiratory problems, sinus irritation, asthmatic episodes, bronchitis, conjunctivitis, ear aches, increased stress, and sleeplessness. He asserts that prison officials intentionally inflicted emotional distress by allowing him to be exposed to ETS even though he had informed them that his father was terminally ill with emphysema and that he was scared of becoming similarly ill because of ETS. Santos seeks $600,000 in damages on his negligence claims and $100,000 in damages for i.i.e.d.

The government moved to dismiss for want of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), and in the alternative for summary judgment pursuant to FED. R. CIV. P. 56, arguing that the discretionary function exception to the FTCA's waiver of sovereign immunity bars Santos's claims. The district court granted the motion and dismissed with prejudice.

II.

In this circuit,

We review *de novo* a dismissal for want of subject matter jurisdiction. Lack of subject matter jurisdiction may be found on any one of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. Ultimately, a motion to dismiss for lack of subject matter

---

[1] Santos began serving his term in June 2002 and filed his administrative complaint with the Bureau of Prisons in November 2002. Because of the jurisdictional administrative exhaustion requirement, June-November 2002 is thus the only time period covered by Santos's suit. *See* 28 U.S.C. § 2675(a) (stating that an action cannot be instituted upon a claim against the United States for money damages for an injury caused by a negligent or wrongful act or omission of a government employee "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . .").

jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.

*Johnson v. Aramco Servs. Co.*, 2006 WL 45849, at *1 (5th Cir. Jan. 10, 2006) (unpublished) (internal citations and quotations omitted).

The United States is immune from suit unless it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). "[T]he terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Id.* (internal citations and quotations omitted). The Supreme Court "has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (internal citations and quotations omitted).

Under the FTCA, the government has waived sovereign immunity with regard to suits based on the alleged negligent acts and omissions of its employees. That waiver, however, is limited. The United States has articulated certain exceptions to its consent to be sued in this area. Particularly relevant to this action, the waiver of immunity does not extend to "[a]ny claim based upon . . . [a government employee's] failure to exercise or perform a discretionary function . . . ." 28 U.S.C. § 2680(a). If the government's conduct falls within the discretionary function exception to the FTCA, a suit complaining of that action must be dismissed for lack of subject matter jurisdiction. *See Buchanan v. United States*, 915 F.2d 969, 970 (5th Cir. 1990).

For the discretionary function exception to bar a given suit, the alleged negligent acts or omissions must involve "an element of judgment or choice," *Gaubert v. United States*, 499 U.S. 315, 322 (1991), and they must constitute acts or decisions based on considerations of public policy, *id.* at 323. Utilizing the *Gaubert* guidelines, the district court determined that each of Santos's claims of negligence is barred by the discretionary function exception.

The court noted that no law or regulation mandates that separate housing be provided for nonsmoking inmates. Indeed, the relevant regulation called for separate housing only "to the extent practicable," 28 C.F.R. § 551.-163(c) (2002), language that makes plain that the decision as to whether to provide separate housing is left to the sound discretion of the prison administrators. Furthermore, the district court stated that the decision whether to provide separate housing for nonsmokers involves policy considerations such as economic feasibility and efficient resource allocation.

With regard to Santos's claim about the lack of enforcement of the no-smoking rules, the district court stated that BOP regulations and FCI Yazoo City's supplemental rules outline disciplinary actions to be taken for violations of the smoking ban, but noted that based on *United States v. Varig Airlines*, 467 U.S. 797, 809 (1984), "the extent to which the BOP chooses to apply its resources to enforce the regulation against smoking . . . and the extent to which the BOP chooses to apply its resources elsewhere . . . are discretionary choices made among many alternatives." The court further asserted that when an inmate is caught smoking, the "decision to implement disciplinary action is discretionary and gives the BOP room for judgment." *Id.* (citing *Calderon v. United States*, 123 F.3d 947, 949-50 (7th Cir. 1997)).

Citing several cases that establish that internal security is a matter normally left to the discretion of prison officials, the district court asserted that Santos's claim of negligence with regard to the removal of the raised platforms for correctional officers' desks similarly fails under the discretionary function exception to the FTCA. Furthermore, the court noted that the associate warden at FCI Yazoo City ordered the windows of the facility sealed because doing so allowed the heating, ventilation, and air conditioning systems to function more efficiently. Because no law or regulation mandates that inmates be capable of opening their windows, the court concluded that whether to keep them permanently shut is a matter committed to the prison officials' discretion and that the officials were free to make the choice they did in consideration of the efficient operation of the facility.

Finally, the district court stated that Santos's claim for i.i.e.d. is barred by the discretionary function exception because "[i]f a defendant can show that the tortious conduct involves a 'discretionary function,' a plaintiff cannot maintain an FTCA claim, even if the discretionary act constitutes an intentional tort under § 2680(h)." *Gasho v. United States*, 39 F.3d 1420, 1435 (9th Cir. 1994) (internal citations omitted). Because Santos's claim for i.i.e.d. is predicated on the same acts and omissions that formed the basis of his negligence claims, the court determined that the discretionary function exception to the FTCA is likewise applicable to that claim.

In an attempt to save his claims from the discretionary function exception, Santos renews on appeal his argument that the acts of which he complains not only constitute negligence, but also violate the Eighth Amendment, rendering the discretionary function exception inapplicable because "no one has discretion to violate another's constitutional rights." The court explained that the Eighth Amendment offers no help to Santos in this action because the government has not waived its immunity with regard to constitutional torts. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994). As we stated in *Gibson v. Federal Bureau of Prisons*, 121 Fed. Appx. 549, 551 (5th Cir. 2004) (per curiam) (citing *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001)), an inmate "may bring a[n] . . . action [under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 40 U.S. 388 (1971),] against individual officers for a[n] alleged constitutional violation, but he may not bring an action against the United States, the BOP, or BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity."

We agree with the district court in all respects. For the reasons stated in its thorough Memorandum Opinion and Order entered on March 7, 2005, the judgment is AFFIRMED.

4