United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 14, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-41010
Summary Calendar

———————————

JOHN G. ANDERSON,

Plaintiff-Appellant,

versus

GALVESTON COUNTY DISTRICT CLERK; 122ND JUDICIAL DISTRICT
COURT; STATE OF TEXAS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-01-CV-144
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

John G. Anderson, Texas prisoner # 558092, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b)(1). He argues that the district court abused its discretion in dismissing the complaint as frivolous pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), because his complaint challenged the length of his pre-trial detention and not his conviction. He further argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court erred in refusing his request to amend his complaint.

Anderson's complaint, given its most liberal construction, sought damages for the denial of his Sixth Amendment right to a speedy trial. A determination that Anderson's Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction, and Anderson has not shown that his conviction has been overturned or otherwise declared invalid. See Heck, 512 U.S. at 486-87. Consequently, the district court did not abuse its discretion in dismissing the complaint as frivolous given that the damages claim raised therein was Heck-barred and thus had no arguable merit. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Anderson's appellate argument that his excessive pre-trial detention constituted impermissible "punishment" in violation of his due process rights was not raised in the district court and is therefore not considered. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

The district court abused its discretion in refusing to allow Anderson to amend his complaint. See Aquilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1053 (5th Cir. 1998). Nevertheless, that error was harmless. See FED. R. CIV. P. 61. Anderson sought to amend his complaint to support his claim that his right to access the courts was violated due to his excessive pre-trial detention, which liberally construed, is a contention

2

that his rights to a speedy trial were violated.  As previously discussed, that claim is <u>Heck</u>-barred.  Consequently, the district court's refusal to allow him to amend his complaint did not affect his substantial rights and was therefore harmless error.

AFFIRMED.