United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 8, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-50770
Summary Calendar

———————————————

JOHN T. JOSEY,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF PUBLIC SAFETY; JIMMY R. MORGAN;
NIX, Trooper; KELLI WILLIAMS, Deputy; MILAM COUNTY DISTRICT
ATTORNEY'S OFFICE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CV-39
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pretrial detainee John T. Josey appeals the dismissal for failure to state a claim of his 42 U.S.C. § 1983 suit under 28 U.S.C. § 1915A. The district court determined that Josey's allegations were barred by Heck v. Humphrey, 512 U.S. 477 (1994). Josey argues that no probable cause existed for his arrest for driving while intoxicated and that the exclusionary rule was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violated when he was not read his rights under Miranda v. Arizona, 384 U.S. 436 (1966).  Josey does not argue that the Heck bar does not apply.  Consequently, Josey has waived that argument.  See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

Josey asserts that he was only required to give fair notice of his claims in his complaint, but he also concedes that the district court was required to screen his suit.  To the extent that Josey argues that he was entitled to notice before the dismissal of his claims, his argument fails.  See Graves v. Hampton, 1 F.3d 315, 318 n.12 (5th Cir. 1993), abrogated on other grounds, Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994).

Josey also argues that he was denied his right to a speedy trial.  The district court implicitly denied Josey the opportunity to amend his action by not expressly addressing and resolving this issue that Josey raised for the first time in his objections.  However, by raising his speedy-trial argument, Josey is contesting his continued confinement.  Because Josey's continued confinement has not been remedied by any of the procedures listed in Heck, his speedy-trial claim also is not cognizable under 42 U.S.C. § 1983.  See Heck, 512 U.S. at 486-87.  Consequently, the district court did not abuse its discretion by refusing to allow such an amendment.  See United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996).

The judgment of the district court is AFFIRMED. Josey's motion to strike from the record any "rulings, judgments, and[/]or orders" entered by the district court after his notice of appeal was filed and motion entitled "Violation of 5th Cir. R. 46.3 by attorney Carlos D. Lopez" are DENIED.