**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2009

Charles R. Fulbruge III
Clerk

No. 09-40273
Summary Calendar

MICHAEL A KRAUSE,

Plaintiff - Appellant

v.

SHERIFF GEAN LEONARD, JUDGE LONNIE COX, CHERYL MOFFETT,
DISTRICT ATTORNEY KURT SISTRUNK, CORRECTIONAL MEDICAL
SERVICES,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:05-cv-00213

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael A. Krause, Texas prisoner # 1459103, filed a 42 U.S.C. § 1983
claim alleging that various local officials had violated his constitutional rights
during his stay in the Galveston County Jail. In particular, Krause complains
that Sheriff Gean Leonard allowed other prisoners regularly to beat Krause and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

that Nurse Cheryl Moffett failed adequately to treat his various maladies. The district court granted summary judgment in full to all defendants – including Sheriff Leonard and Nurse Moffett – and we now affirm.

## I. BACKGROUND

Krause, convicted of various sex crimes, currently sits in a Texas prison. His complaint, though, arises out of the nearly two years he spent awaiting trial in the Galveston County Jail. The story begins in the summer of 2003, when Krause befriended a teenage boy. Krause began home-schooling the boy and even invited the boy to live in Krause's trailer home. In December, Krause traveled with the boy to Wisconsin. While the two vacationed in Wisconsin, the boy's mother learned that Wisconsin authorities previously had investigated Krause for child pornography and child abuse. The boy's mother immediately arranged for the boy to fly home to Texas. Once the boy returned, he and his mother broke into Krause's trailer to retrieve the boy's possessions. The pair, however, also found in Krause's trailer various media containing images of child pornography. The boy and his mother took these images and turned them over to Texas police.[1]

Krause, too, soon made his way back to Texas. But, on December 9, 2003, the state of Wisconsin issued a Violation Warrant stating that Krause had "absconded from probation." The next day, Texas authorities in Galveston arrested Krause as a fugitive from justice and held him without bond as they sorted out the Wisconsin charge. On January 6, 2004, though, the state of Texas issued its own warrant for Krause's arrest for possession of child pornography. Consequently, Galveston Country Jail continued to hold Krause, now on a

---

[1]*See generally Krause v. Texas*, 243 S.W.3d 95, 98-101 (Tex. Crim. App. 2007).

$50,000 bond. In November of 2005, a Texas jury convicted Krause of possession of child pornography, and the court of appeals later affirmed his nine-year term of imprisonment.

This narrative, though, all serves as backdrop to Krause's § 1983 claim in federal court, in which he alleges a litany of abuses that occurred during his confinement in Galveston County Jail. We, like the district court did, liberally construe Krause's pro se complaint[2] – in which Krause seeks both compensatory and equitable relief. First, he challenges the validity of the Wisconsin warrant and his confinement preceding the January 6 issuance of the Texas warrant. Second, Krause contends that Texas authorities violated his right to a speedy trial by keeping him locked-up for two years before his conviction. Third, Krause states that while he waited in jail unknown perpetrators stole valuable possessions from his trailer because Texas authorities failed properly to secure his belongings. Fourth, he accuses his jailors – and Sheriff Leonard in particular – of failing to protect him from attack by other prisoners. And fifth, Krause asserts that the jail's medical staff – and Nurse Moffett in particular – disregarded his serious medical needs.

## II. ANALYSIS

Even though we review Krause's complaint de novo and in a light most favorable to him,[3] we find no merit in any of his accusations.

---

[2] *See Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993).

[3] *See Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

## A. Unlawful Arrest

Krause claims that the Texas authorities had no right to arrest him in the first instance. "Government officials performing discretionary functions are entitled to qualified immunity from civil liability to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[4] Texas officials arrested Krause as a fugitive from justice on December 10, 2003. Krause, though, claims that he never fled in the first place, because he had received a travel pass in Wisconsin before traveling back to Texas in December of 2003. Wisconsin, though, issued a warrant for his arrest on December 9, 2003. Krause presents no evidence to show that the Texas authorities had reason to doubt the validity of the Wisconsin warrant. Consequently, Krause cannot show that the Texas police acted unreasonably in violation of his rights.

## B. Speedy Trial

Krause urges that – by keeping him in jail for almost two years awaiting trial on the Texas child pornography charges – the Texas authorities violated his Sixth Amendment right to a speedy trial. Subject to certain exceptions, *Heck v. Humphrey* directs lower federal courts to dismiss any § 1983 action that – if successful – would necessarily imply the invalidity of the claimant's criminal conviction.[5] After waiting in jail, Krause stood trial for possessing child pornography. A jury convicted him, and Krause is now serving the resultant nine-year prison sentence. A determination here in Krause's favor would

---

[4]*Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (internal quotations and citations omitted).

[5]512 U.S. 477, 486-87 (1994).

necessarily implicate the invalidity of his otherwise unchallenged conviction, so *Heck* bars his speedy-trial claim.[6]

### C. Loss of Property

Krause blames the police both for losing valuable possessions from his impounded automobile and for allowing thieves to steal from his trailers during his time in jail. As the district court artfully explained, Krause's claims are not cognizable under § 1983. As long as the state provides for a meaningful post-deprivation remedy, then no constitutional violation occurs when a state employee negligently or intentionally deprives a prisoner of property.[7] "In Texas, as in many other states, the tort of conversion fulfills this requirement."[8]

---

[6] *See Anderson v. Galveston County Dist. Clerk*, 91 F. App'x 925, 926 (5th Cir. 2004) ("[Claimant] argues that the district court abused its discretion in dismissing the complaint as frivolous pursuant to *Heck v. Humphrey* . . . because his complaint challenged the length of his pre-trial detention and not his conviction. . . . [Claimant's] complaint, given its most liberal construction, sought damages for the denial of his Sixth Amendment right to a speedy trial. A determination that [his] Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction, and [he] has not shown that his conviction has been overturned or otherwise declared invalid.") (unpublished); *Josey v. Tex. Dep't of Pub. Safety*, 101 F. App'x 9, 10 (5th Cir. 2004) ("[B]y raising his speedy-trial argument, Josey is contesting his continued confinement.") (unpublished).

[7] *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[W]e hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.").

[8] *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994).

## D. Failure to Protect

Krause alleges that his jailors deliberately failed to protect him both from attacks by other inmates – including a group called the Gang Gladiators[9] – and from spiders that perpetually hounded him. He emphasizes on appeal that the jail's overcrowding – which regularly forced three men into a two-person cell – exacerbated his plight.[10]

As noted by the district court, a pretrial detainee can only succeed on a damages claim under § 1983 for failure to protect by demonstrating that prison officials have shown "deliberate indifference" to the harm.[11] The Supreme Court has explained precisely what "deliberate indifference" means: "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[12]

Krause presents nothing on appeal to show that the jail officials disregarded a serious risk to his safety. To the contrary – and as described by the district court – the record uniformly reflects that the jail officials responded to Krause's requests for cell transfer based on perceived threats to his well being.

---

[9]R. at 442.

[10]Although Krause does not seem to make a freestanding overcrowding claim, to the extent that we could read Krause's pro se complaint liberally to allege one, he would not overcome summary judgment. Indeed, he has not presented any evidence that putting three men in a two-person cell "inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (holding that double-celling inmates did not violate the Eighth Amendment).

[11]*Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

[12]*Farmer v. Brennan*, 511 U.S. 825, 848 (1994).

Krause, therefore, has failed to raise a genuine dispute of material fact in order to overcome summary judgment.

### E. Failure to Treat

Finally, Krause alleges that the medical staff at Galveston County Jail did not adequately treat his medical needs – in part by refusing to refer him to proper specialists. The Eighth Amendment forbids prison officials from displaying deliberate indifference toward prisoners' medical needs.[13] Mere negligence, though, is not enough.[14] Rather, "the legal conclusion of deliberate indifference . . . must rest on facts clearly evincing wanton actions on the part of the defendants."[15] Krause makes no such showing. In fact, as described thoroughly by the district court, the record shows that the jail's medical staff responded diligently to Krause's myriad medical requests.[16] Krause received a "great deal of care and attention" and – consequently – cannot show that the

---

[13] *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976).

[14] *Id.* at 106.

[15] *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (internal quotations and citations omitted).

[16] On appeal, Krause directs the court to a series of alarmist requests he made of the medical staff from January through March of 2005. Krause complained of severe headaches and knots in his neck – for which he could not "stand the pain." But an independent review of the record shows that the medical staff attended to Krause on January 28 (Medical Record at 458), on February 3 (*Id.* at 456), on February 17 (*Id.* at 383), on February 18 (*Id.* at 529), and on March 18 (*Id.* at 455) – at which time the medical staff could not locate any knot in Krause's neck. Far from ignoring Krause's needs, the medical staff over time patiently treated Krause for such self-reported ailments as "NAILS LIKE WOLF" (*Id.* at 471-72) and a sore "that seems to be rotting the flesh" (*Id.* at 469-70).

medical staff caused "unnecessary and wanton infliction of pain repugnant to the conscience of mankind."[17]

## III. CONCLUSION

Krause's damages claims have no basis in either law or fact. Additionally – because Texas authorities transferred Krause out of Galveston County Jail after his conviction – the district court properly dismissed as moot his claims for equitable relief relating to his confinement in Galveston.[18] We thus AFFIRM the district court's grant of summary judgment to all defendants on all claims. Krause's Motion for Appointment of Counsel[19] and his Request for Stay – as well as any other outstanding motions – are DENIED as moot.

---

[17]*Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

[18]*See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)).

[19]Even if Krause's Motion for Appointment of Counsel were not moot, we would deny it – as his case is neither complex nor exceptional. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).