Walter Harvey BALLARD, Jr.,
Plaintiff–Appellant,

v.

Honorable Fad WILSON, Judge, Municipal Court Number Three and City of Houston, Texas, A Municipal Corporation, Defendants–Appellees.

No. 88–2060
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 11, 1988.
Rehearing and Rehearing En Banc
Denied Nov. 9, 1988.

J. Brent Liedtke, Humble, Tex., for plaintiff-appellant.

Robert J. Collins, Asst. County Atty., Houston, Tex., for defendants-appellees.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant Walter Harvey Ballard, Jr. filed suit in federal district court against the City of Houston and the Honorable Fad Wilson, a municipal judge, seeking injunctive relief against the enforcement of the City's overtime parking ordinance, a declaratory judgment as to the constitutionality of that ordinance, and money damages. The district court dismissed all claims under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 2d 669 (1971). We affirm the dismissal of the injunctive and declaratory claims, reverse the dismissal of the claim for monetary relief, and remand.

## I. *Facts*

Ballard has been charged with approximately thirty-six separate violations of the City of Houston's overtime parking ordinance. At the time Ballard filed his suit in federal court, approximately ten of these cases were still pending in municipal court. These criminal offenses fall into three categories: first, pending criminal cases; second, those cases in which Ballard was convicted and has filed an appeal; and third, those cases where Ballard was convicted, but has failed to appeal his conviction and pay his fine.

While these prosecutions were pending in municipal court, Ballard brought this action under 42 U.S.C. § 1983, alleging the prosecutions for parking violations have violated his constitutional rights. Ballard argues that the City's overtime parking ordinance contains an unconstitutional presumption which impermissibly shifts the burden of proof to the defendant and compromises the defendant's right to remain silent.[1] Ballard also alleges that it is the custom and policy of municipal court personnel, including the Honorable Fad Wilson, to violate a parking defendant's constitutional rights by refusing to provide a copy of the charges in advance of trial and failing to follow Texas law regarding proper instruction to the jury on the presumption issue. Ballard seeks injunctive relief against the enforcement of the city's overtime parking regulations, a declaratory judgment as to the constitutionality of the ordinance, and money damages and attorney's fees.

## II. *Younger Abstention*

The district court dismissed all of Ballard's claims under *Younger v. Harris, supra. Younger* dictates that a federal court cannot enjoin a pending criminal trial in state court, absent exceedingly rare and

1. Ballard contests the constitutionality of Houston Code Article I, § 45–135. *Presumption of illegal parking by owner:* When any person is charged with having parked or left standing a vehicle on any street in the city at a place on such street where parking of vehicles is prohibited, or with parking such vehicle on a street in a manner which violates the designated manner of parking a vehicle, or with parking such vehicle for a length of time in excess of that allowed in the space where such vehicle was parked, *proof that the vehicle was, at the date of the offense alleged, owned by the person charged with the offense shall constitute prima facie evidence that the vehicle was parked or left standing at the place charged by the owner,* but the owner shall have the right to introduce evidence to show that such vehicle was not parked by him as charged in the complaint (emphasis added).

extraordinary circumstances. This doctrine is based upon concerns of judicial economy and proper state-federal relations. In a companion case to *Younger*, the Supreme Court held that federalism principles also bar a federal court from issuing declaratory relief when there is a pending state criminal proceeding. *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). Finally, the Supreme Court has determined that a pending appeal of a state conviction, a failure to perfect a state appeal, or a pending post-judgment enforcement proceeding trigger *Younger* abstention. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed. 2d 482 (1975); *Judice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977).

Thus, the pending proceedings for Ballard's parking violations are all state criminal prosecutions which clearly bring his § 1983 claim within the scope of *Younger*. Ballard does not dispute the existence of these pending state proceedings, but nevertheless contends that *Younger* abstention is improper in this case. We agree with the district court that abstention is required under *Younger* except as to the damage issue. We must reverse and remand the court's dismissal of the claim for monetary relief for further consideration in view of the recent holding in *Deakins v. Monaghan*, — U.S. —, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988).

■ A. Ballard first argues that *Younger* abstention is inapplicable because he confines his request for relief to *future* prosecutions under the parking ordinance, and does not ask the federal court to intervene in the pending proceedings. Ballard relies on *Wooley v. Maynard*, 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977), where the Supreme Court granted declaratory and injunctive relief against the enforcement of a New Hampshire statute when "the relief sought is wholly prospective, to preclude further prosecution under a statute alleged to violate appellees' constitutional rights." 430 U.S. at 711, 97 S.Ct. at 1433. *Wooley*, however, is distinguishable because in that case there were no pending prosecutions, appeals, or enforcement proceedings. Instead, the suit was "in no way 'designed to annul the results of a state trial'". *Id., citing Huffman*, 420 U.S. at 609, 95 S.Ct. at 1210. *See also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 930, 95 S.Ct. 2561, 2567, 45 L.Ed.2d 648 (1975).

In contrast to *Wooley*, any future injunctive or declaratory relief to Ballard would unavoidably be decided against the backdrop of pending state proceedings. Although Ballard confines his request for relief to future prosecutions, we cannot ignore the fact that any injunction or declaratory judgment issued by a federal court would affect the course and outcome of the pending state proceedings. An injunction would "serve notice to the state courts that an adverse declaratory judgment could be expected", and a declaratory judgment as to the constitutionality of the ordinance would actually resolve an issue central to the pending state proceedings. *United Books v. Conte*, 739 F.2d 30, 33 (1st Cir.1984). This is precisely the sort of interference condemned by the Supreme Court in *Younger* and *Samuels*.

We also note that a federal court ruling on the practices and procedures of the municipal court system, as is requested by Ballard, would require supervisory enforcement of the ruling by the federal courts. This type of monitoring of state court procedures also offends principles of federalism and was condemned by the Supreme Court in *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). *See also Parker v. Turner*, 626 F.2d 1, 9 (6th Cir.1980), holding that where the complaint alleges failure of some state judges properly to follow the law, a federal court will not enjoin the alleged unconstitional practices even in the absence of a pending state proceeding, since the relief sought would require monitoring of the judges' conduct.

■ B. Ballard also contends that *Younger* abstention is inappropriate because he asserts harassing prosecutions and bad faith as establishing justification for use of the "rare and extraordinary circumstances" exception to *Younger*. 401 U.S. at 53–54, 91 S.Ct. at 755. The Supreme Court instructs, however, that these

circumstances constitute a very narrow exception applicable:

> [o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.

*Perez v. Ledesma,* 401 U.S. 82, 85, 91 S.Ct. 674, 677, 27 L.Ed.2d 701 (1971); *see also Kugler v. Helfant,* 421 U.S. 117, 124–125, 95 S.Ct. 1524, 1531, 44 L.Ed.2d 15 (1975).

Ballard's thirty-six parking tickets simply do not fit into this exception. Although Ballard strenuously objects to the numerous arrest warrants, court settings, and fines he has suffered, there is nothing in the record to suggest that the citations result from the bad faith of the city officials instead of Ballard's own parking habits. As to Ballard's complaints regarding the municipal court's alleged failure to provide him with an advance copy of the charge and to instruct the jury properly, we note that "errors or mistakes by a trial judge are not 'special circumstances' warranting an exception to the *Younger* rule." *Davila v. Texas,* 489 F.Supp. 803, 809 (S.D. Tex.1980).

■ C. In his third argument against *Younger* abstention, Ballard relies on this Court's pronouncement that "[t]he operation of the *Younger* doctrine is dependent upon the ability of the state courts to provide an adequate remedy for the violation of federal rights." *DeSpain v. Johnston,* 731 F.2d 1171, 1178 (5th Cir.1984). Ballard contends that he has no adequate state court remedy because the state's highest criminal court has twice upheld as constitutional similar parking ordinances. *Ashworth v. State,* 172 Tx.Cr.R. 383, 357 S.W. 2d 573 (1962); *Snell v. State,* 518 S.W.2d 382 (Tex.Crim.App.1975).[2] Ballard asserts that under the doctrine of *stare decisis,* his constitutional argument is foreclosed in any state forum, and thus federal intervention is proper.

This argument misconstrues the meaning of an "adequate" state court remedy which is a prerequisite for *Younger* abstention. Federal intervention is not necessitated whenever an appellant contends that he will lose in state court. *Huffman,* 420 U.S. at 610, 95 S.Ct. at 1211. Instead, intervention is appropriate only if a party has no *opportunity* to present his federal claim in a state proceeding. *Judice,* 430 U.S. at 337, 97 S.Ct. at 1218. *DeSpain,* 731 F.2d at 1171. If this Court were to rule that adverse state court precedent requires federal court intervention, we would open the door for federal courts to overrule state court decisions without the avenue of a state appeal. This is precisely what Ballard seeks, and it is precisely one kind of intervention prohibited by *Younger.*

Although Ballard is not confident of his success, he is not precluded from raising his constitutional claim in a state court appeal of his parking convictions. If he loses in the state courts he may petition the United States Supreme Court to grant certiorari to review his constitutional claims. Thus, *Younger* abstention is appropriate while the case works its way through the state appellate process. *Hicks v. Miranda,* 422 U.S. 332, 350 n. 18, 95 S.Ct. 2281, 2292, 45 L.Ed.2d 223 (1975).

### III. Dismissal of the Claim for Monetary Relief

■ Ballard finally argues that even if *Younger* abstention is proper, the federal district court erred in dismissing his claim for money damages. Just last term in *Deakins v. Monaghan,* the Supreme Court held that even when *Younger* abstention is

---

**2.** We note that the Texas court is not alone in upholding these statutes against constitutional challenges. *See e.g., City of Chicago v. Hertz Commercial Leasing Corp.,* 71 Ill.2d 333, 17 Ill. Dec. 1, 375 N.E.2d 1285, *cert. denied,* 439 U.S. 929, 99 S.Ct. 315, 58 L.Ed.2d 322 (1978) (upholding ordinance which provided that the registered owner shall be *prima facie* responsible for parking violations); *City of Birmingham v. 98th District Court Judge,* 76 Mich.App. 33, 255 N.W.2d 760 (1977) (upholding presumption that registered owner is parking violator); *Iowa City v. Nolan,* 239 N.W.2d 102 (Iowa 1976); *Kansas City v. Hertz Corp.,* 499 S.W.2d 449 (Mo.1973); *Commonwealth v. Minicost Car Rental, Inc.,* 354 Mass. 746, 242 N.E.2d 411 (1968).

required, a federal district court has no discretion to dismiss cognizable claims for monetary relief which cannot be redressed in a pending state proceeding. —— U.S. ——, 108 S.Ct. 523, 529 (1988). Because Ballard's claim for money damages and attorney's fees will not be addressed in the pending criminal proceedings, we must reverse and remand the district court's dismissal of Ballard's claim for monetary relief for further consideration in light of the *Deakins* holding.

In *Deakins*, the Supreme Court required the district court to retain jurisdiction but to stay the claim for monetary relief pending the outcome of parallel state proceedings. The Court noted that "[t]here can be no question that the respondents have alleged injuries under federal law sufficient to justify the District Court's retention of jurisdiction." 108 S.Ct. at 530. In remanding Ballard's money damages claim to the district court for further consideration, we offer no opinion as to whether Ballard's complaint states a damage claim under § 1983 sufficient to justify the retention of jurisdiction.

### IV. *Conclusion*

For reasons stated above, we affirm the dismissal of Ballard's claim for injunctive and declaratory relief. We reverse and remand for further consideration the dismissal of his claim for monetary relief.

AFFIRMED IN PART,

REVERSED IN PART

AND REMANDED.