IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-4189
Summary Calendar

_____


HUBERT ARVIE,

                              Plaintiff-Appellant,

            VERSUS

        R. BRADY BROUSSARD,
    Mayor of Abbeville, et al.,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
for the Western District of Louisiana

_____

December 23, 1994

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:


     The district court dismissed, as time-barred, Hubert Arvie's
42 U.S.C. § 1983 state prisoner's suit that claims the defendants
conspired to convict him wrongly.  On January 11, 1994, in an
unpublished order, we retained jurisdiction but remanded in order
that the district court might make certain findings.  The dis-
trict court, with the assistance of the magistrate judge, has
responded with those findings.

     Subsequent caselaw, however, has rendered the findings moot
in this case.  Under Heck v. Humphrey, 114 S. Ct. 2364 (1994),

and our opinions construing it, e.g., <u>Boyd v. Biggers</u>, 31 F.3d 279 (5th Cir. 1994) (per curiam), and <u>Stephenson v. Reno</u>, 28 F.3d 26 (5th Cir. 1994) (per curiam), where, as here, a suit brought pursuant to § 1983 challenges the legality of the plaintiff's conviction, the claim is not cognizable unless the conviction has been invalidated.

Accordingly, dismissal was appropriate, although for reasons different from those given by the district court.  Here, the dismissal was without prejudice, but under <u>Boyd</u> and <u>Stephenson</u> the dismissal should have been with prejudice.  Because the plaintiff is the only party who has appealed the judgment, however, we decline to change the dismissal from one without prejudice to one with prejudice.

The rule in this circuit has long been established that "absent a cross-appeal, the appellee cannot attack the district court's decree with a view either to enlarging his own rights thereunder or lessening the rights of his adversary." <u>Speaks v. Trikora Lloyd, P.T.</u>, 838 F.2d 1436, 1439 (5th Cir. 1988).  Other decisions of this court to the same effect include <u>Robicheaux v. Radcliff Material, Inc.</u>, 697 F.2d 662, 668 (5th Cir. 1983); <u>Alford v. City of Lubbock</u>, 664 F.2d 1263, 1272-73 (5th Cir.), <u>cert. denied</u>, 456 U.S. 975 (1982); and <u>Duriso v. K-Mart No. 4195</u>, 559 F.2d 1274, 1278 (5th Cir. 1977).  <u>See also</u> <u>Laker v. Vallette (In re Toyota of Jefferson, Inc.)</u>, 14 F.3d 1088, 1091 n.1 (5th Cir. 1994).  We have treated this as a jurisdictional matter. <u>See</u> <u>Shipp v. General Motors Corp.</u>, 750 F.2d 418, 428 (5th Cir.

2

1985).

These decisions are in accordance with the general rule. "The rule that a cross-appeal must be filed to secure a favorable modification of the judgment is stated and applied in many settings. As shown by common examples an appellee cannot, without cross-appeal, seek . . . to convert a dismissal without prejudice into a dismissal with prejudice." 15A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3904, at 196-98 (2d ed. 1986) (footnote omitted). See also 9 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 204.11[3] (2d ed. 1993); New Castle County v. Hartford Accident & Indem. Co., 933 F.2d 1162, 1205-06 (3d Cir. 1991); Benson v. Armontrout, 767 F.2d 454, 455 (8th Cir. 1985).

We recognize that Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993), changed a dismissal without prejudice to one with prejudice in a case where the plaintiff was the only party appealing the judgment. We conclude, however, that Graves is inconsistent with prior Fifth Circuit authority as cited above. In such a situation, we are obligated to follow the earlier decisions of this court. See Paura v. United States Parole Comm'n, 18 F.3d 1188, 1189-90 (5th Cir. 1994). Therefore, the judgment is AFFIRMED.