United States Court of Appeals,

Fifth Circuit.

No. 94-30513.

Sidney MARTS, Plaintiff-Appellant,

v.

Phillip HINES, et al., Defendants-Appellees.

Nov. 8, 1995.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before POLITZ, Chief Judge, and WISDOM and STEWART, Circuit Judges.

POLITZ, Chief Judge:

Sidney Marts appeals the district court's dismissal of his action for money damages under 42 U.S.C. § 1983 against Ike Spears, Esq.;[1] Phillip Hines, a public defender for Orleans Parish; and one John Doe, an assistant district attorney for Orleans Parish. Marts alleges that the defendants, individually and in a conspiracy, sought to deny him access to the courts and to falsely imprison him without probable cause while ostensibly awaiting his trial on a purse-snatching charge. The district court dismissed the actions because private defense counsel and the public defender were not state actors and the prosecutor was entitled to immunity. The district court also noted that to the extent Marts charged a conspiracy he failed to allege any factual basis and that claim was therefore frivolous under 28 U.S.C. § 1915(d).[2] Marts timely appealed.

The allegations in Marts' section 1983 complaint clearly implicate the integrity of criminal proceedings pending in the Louisiana state court system. In *Deakins v. Monaghan,*[3] the Supreme

[1]Spears is apparently the court-appointed attorney of David Atkins, another party also accused of participating in the offense for which Marts was arrested.

[2]The district court did not hold a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985), to elucidate the pleadings. Such a hearing would have been helpful in the disposition of this case.

[3]484 U.S. 193, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) (noting that federal district court has no discretion to dismiss cognizable claims for monetary relief which cannot be addressed in a pending state proceeding).

Court held that when a section 1983 action might have a disruptive effect upon contemporaneous state criminal proceedings, a federal district court should stay its hand.[4] We have noted, however, that the plaintiff in such an action must have alleged "injuries under federal law sufficient to justify the District Court's retention of jurisdiction."[5] We interpret this qualifier to require the district court to make, if appropriate, the threshold determination whether the action is frivolous under § 1915(d).[6]

Marts' claims against the defendants, dehors the alleged conspiracy, are clearly without an arguable basis in law or fact, given the absence of acts under the color of state law on the part of Spears and Hines[7] and the absolute prosecutorial immunity[8] of the John Doe defendant. Concluding that Marts failed to allege any injury cognizable under federal law sufficient to justify the retention of jurisdiction, we are persuaded that those claims properly were dismissed as frivolous.[9] In light of the overarching validity of these defenses we must modify the dismissal by the district court, however, to provide for a dismissal of these claims with prejudice.[10]

---

[4]*Ballard v. Wilson,* 856 F.2d 1568 (5th Cir.1988) (citing *Deakins* ).

[5]*Id.* at 1572 (quoting *Deakins,* 484 U.S. at 204, 108 S.Ct. at 530).

[6]*See Duncan v. Gunter,* 15 F.3d 989 (10th Cir.1994) (affirming dismissal of section 1983 action on grounds which will not affect issues in the state criminal proceedings). *See also Cassell v. Osborn,* Nos. 93-1557, 93-1607, 93-2079, 1994 WL 159424 (1st Cir. April 26, 1994) (unpublished) ("The preference expressed in *Deakins,* ... for staying rather than dismissing, cognizable federal claims that allege facts "sufficient to justify the District Court's retention of jurisdiction,' does not come into play where the claims asserted are patently frivolous.").

[7]*See Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677 (5th Cir.1988).

[8]*See Boyd v. Biggers,* 31 F.3d 279 (5th Cir.1994).

[9]We review a dismissal under section 1915(d) for an abuse of discretion. *Boyd.*

[10]*Graves v. Hampton,* 1 F.3d 315 (5th Cir.1993) (modifying judgment of district court to change § 1915(d) dismissal without prejudice to one with prejudice when action clearly barred); *Ali v. Higgs,* 892 F.2d 438 (5th Cir.1990) (same). But *see Arvie v. Broussard,* 42 F.3d 249 (5th Cir.1994), holding that such modifications violated the principle that this court should not enlarge the rights of an appellee absent a proper cross-appeal. The *Arvie* decision inadvertently overlooked the fact that in § 1915(d) prisoner cases, the named defendants rarely are before the court. None of the "prior precedent" cited in *Arvie* as controlling involved the special circumstances surrounding § 1915(d) dismissals, circumstances which were explicitly considered in both *Ali* and *Graves* and which "are obviously different from simple two-party litigation." 15A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3904, at 213 (2d ed. 1992) (noting circumstances where general rule is often not followed). Thus, we must conclude that *Arvie* is not consistent with prior 5th Circuit authority regarding the

The district court correctly characterized as baseless Marts' allegations of a conspiracy. Marts makes wholly conclusionary allegations, asserting merely that Hines, Spears, and an unnamed prosecut or agreed to deny him access to the court despite knowledge that he was innocent.  He opines that the goal of this conspiracy was to punish him for crimes for which he had not been charged.  It is well settled that " "mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy."[11]  This dismissal was without prejudice.  The district court did not abuse its discretion when it dismissed Marts' action;  there was no pending federal claim sufficient to justify the district court's retention of jurisdiction pending the outcome of Marts' state criminal proceedings.

Inasmuch as the dismissal of the conspiracy claim was without prejudice, Marts may reassert same if done properly.[12]  We caution him, however, that further pleadings which do nothing more than reiterate the same inadequate factual allegations may subject him to sanctions under Fed.R.Civ.P. 11.[13]

MODIFIED and AFFIRMED.

---

modification of judgments in § 1915(d) cases.

[11]*McAfee v. 5th Circuit Judges,* 884 F.2d 221 (5th Cir.1989), *cert. denied,* 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990);  *Mills.*

[12]*Graves.*

[13]*Mills.*