IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41309
Conference Calendar

_____

DAVID W. RILES,

                                    Plaintiff-Appellant,

versus

WILLIAM GONZALES; ET AL.,

                                    Defendants,

UNIDENTIFIED EATON; UNIDENTIFIED KUYKENDALL; ORIG DOCTOR;
UNIDENTIFIED BUCHANNAN; UNIDENTIFIED BROWN; JOHN DOE,
Neurologist,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-193
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

David W. Riles, TDCJ # 709594, appeals the district court's
dismissal as frivolous of his pro se and in forma pauperis (IFP)
civil rights complaint wherein he alleged that numerous
defendants had conspired to deprive him of his "medical

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

malpractice due process rights" after a "flawed epidural." He argues that the district court erred in construing his complaint as alleging the denial of medical care because he "pled and established as a matter of law a prima facie case of civil conspiracy to defraud of medical malpractice due process rights[.]"

Although the district court addressed Riles's complaint insofar as it raised an Eighth Amendment claim, the court also addressed and rejected Riles's allegation of a conspiracy. We review for an abuse of discretion. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997).

"The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999). Mere conclusory allegations of a conspiracy, absent reference to material facts, do not state a cause of action under 28 U.S.C. § 1983. See Marts v. Hines, 68 F.3d 134, 136 (5th Cir. 1995)(en banc).

None of Riles's allegations indicate that the defendants participated in a concerted effort to prevent him from filing a medical malpractice suit. With respect to his allegation regarding the fired prison doctor, Riles failed to provide any information from which the district court could view his allegation as anything more than conclusory. An evidentiary

hearing was not required.  <u>See</u> <u>Lawrence v. Lensing</u>, 42 F.3d 255, 259 (5th Cir. 1994)((28 U.S.C. § 2254 case).  The judgment of the district court is AFFIRMED.  <u>See</u> <u>Norton</u>, 122 F.3d at 291.

The district court's dismissal of the complaint as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 385-87 (5th Cir. 1996).  Riles is WARNED that if he accumulates three strikes pursuant to 28 U.S.C. § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>Id</u>.

AFFIRMED; SANCTION WARNING ISSUED.