IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31413
Summary Calendar
_____

STRAIT SHOOTERS INC, doing business as Parkview Tavern

Plaintiff - Appellant

v.

ST TAMMANY PARISH; ET AL

Defendants

ST TAMMANY PARISH; RODNEY STRAIN, in his official capacity
as Sheriff of St Tammany Parish; WALTER P REED, in his
official capacity as District Attorney of St Tammany Parish;
HENRY BILLIOT, in his official capacity as Councilman of St
Tammany Parish and individually; DONALD SHARP, Major

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana,
USDC No. 01-CV-997-N
--------------------
July 11, 2002

Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Strait Shooters, Inc., d/b/a Parkview Tavern ("Parkview")

appeals the district court's grant of summary judgment to

defendants and dismissal of Parkview's complaint pursuant to the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's determination that it should abstain from hearing the case under Younger v. Harris, 401 U.S. 37 (1971). Parkview asserted causes of action against St. Tammany Parish ("Parish") and certain Parish officials, pursuant to 42 U.S.C. §§ 1983 and 1985 and state law; the complaint sought a declaratory judgment, injunctive relief, and damages. Parkview's claims stem from the Parish's criminal citation of Parkview's employees for violations of various Parish ordinances and state statutes. Parkview contends that the suit falls within the bad-faith exception to the Younger abstention doctrine, that the state court is an inappropriate forum for its claims, that the district court's abstention was untimely, and that the district court erred in dismissing its claims for monetary damages.

The district court did not abuse its discretion in abstaining pursuant to Younger. See Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Committee, 283 F.3d 650, 652 (5th Cir. 2002) (decision to abstain is reviewed for abuse of discretion, but whether elements of particular abstention doctrine are met is reviewed de novo). Parkview did not meet its burden of showing that there is a genuine issue that the Parish engaged in bad faith or that the case is otherwise excepted from Younger; the ordinances at issue have not been held unconstitutional, and the evidence did not show that deterrence, retaliation, or harassment were major motivating factors in the prosecutions. See, e.g., Nobby Lobby, Inc., v. Dallas, 970 F.2d

82, 87-88 (5th Cir. 1992). Parkview has not shown that it will not have an opportunity to have its constitutional claims heard in state court. See Ballard v. Wilson, 856 F.2d 1568, 1571 (5th Cir. 1988).

The district court's abstention was not untimely under Hicks v. Miranda, 422 U.S. 332, 345 (1975); the parties agree that the criminal proceedings were instituted prior to the filing of the federal suit and the district court had not acted on the merits of Parkview's claims.

Finally, the district court did not err in dismissing rather than staying the damages claims. Because a judgment in Parkview's favor on its damages claims would necessarily imply the invalidity of a subsequent conviction or sentence on the pending charges, Parkview does not have a cause of action until it can show that it has met the requirements of Heck v. Humphrey, 512 U.S. 477, 489 (1994). See Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996).

Accordingly, the district court's judgment abstaining pursuant to Younger and dismissing all claims is AFFIRMED.