IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10441
Summary Calendar

_____


FRED SCOTT,

Plaintiff-Appellant,

versus

TIM CURRY, Criminal District Attorney
for Tarrant County Texas in his Official
Capacity; MR. THORTON, Judge, Official Capacity;
JACK STRICKLAND, Attorney in his Official
Capacity; DON CARPENTER, Official Capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-916-Y
--------------------
August 8, 2002
Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Fred Scott, Texas prisoner # 907987, appeals the dismissal

his 42 U.S.C. § 1983 complaint as frivolous and for failure to

state a claim under 28 U.S.C. §§ 1915(e) and 1915A.  Scott argues

that the district court erred in dismissing his claims against

the defendants because he has satisfied the requirements of <u>Heck</u>

<u>v. Humphrey</u>, 512 U.S. 477 (1994).  Scott's claims for damages

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

against these defendants fail as a matter of law.  Scott's claims against Judge Thorton in his official capacity are barred by the Eleventh Amendment.  See Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).  Scott's claims against Carpenter and Curry in their official capacity fail because he has not alleged that an official policy or custom of Tarrant County resulted in the violation of his constitutional rights.  See Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996); see also Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir.), cert. denied, 122 S. Ct. 53 (2001).  Finally, because Scott failed to provide any factual support for his conspiracy allegations, the district court did not err in dismissing his claims against Strickland, a private attorney.  See Marts v. Hines, 68 F.3d 134, 136 (5th Cir. 1995).

Scott also argues that the district court erred in dismissing his claims for prospective or injunctive relief against the defendants.  Because Scott failed to show that Heck should not be used to bar his claims for prospective relief, the district court did not err in dismissing those claims.  See Heck, 512 U.S. at 486-87.

To the extent that Scott attempts to state a claim against the defendants for intentional infliction of emotional distress, we do not address that claim because it was raised for the first time on appeal.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).  Accordingly, the district court's judgment is AFFIRMED.