# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2011

No. 10-41077
Summary Calendar

Lyle W. Cayce
Clerk

ANTHONY MOORE, JR.,

Plaintiff-Appellant

v.

DIRECTOR RICK THALER; WARDEN THOMPSON; WARDEN JOHN R. WISENER; WARDEN KEVIN R. WHEAT; TANYA M. BLINK; CORRECTIONAL OFFICER JOSEPH T. MCCALISTER; CAPTAIN STEPHEN D. FARQUHAR; CAPTAIN BENJAMIN A. JEFFERIES; CORRECTIONAL OFFICER II DAVID W. GREEN; MAJOR GUILLERMO M. DELAROSA; NURSE ROSALIE MORTON; PA DOCTOR ED NOLEN; OFFICER JUAN T. SERVIN; DENTIST MELTON LAWRENCE; OFFICER CHARLOTTE A. SAGE; OFFICER JACKSON; SUPERVISOR DAN A. GANNON; MARY C. MANCERA,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-285

Before BENAVIDES, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Anthony Moore Jr., Texas prisoner # 517882, appeals the magistrate judge's dismissal for failure to state a claim and as frivolous of his 42 U.S.C. § 1983 complaint alleging violations of his constitutional rights by various prison officers and employees of the Coffield Unit of the Texas Department of Corrections (TDCJ). Moore argues that the magistrate judge erred in failing to consider his motion for appointment of counsel and in not conducting a competency hearing. A § 1983 plaintiff is not entitled to appointment of counsel absent exceptional circumstances. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982) During the *Spears*[1] hearing, the magistrate judge allowed Moore to explain in detail the bases for his claims and he was able to adequately address the questions posed to him by the magistrate. Moore demonstrated an ability to present the issues in his case which were not complex. *See Castro Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir.2001). Thus, the magistrate judge did not abuse her discretion in denying Moore's motion for the appointment of counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir.2007). Nor did the magistrate judge err in failing to conduct a competency hearing. There was no indication in the record that Moore lacked the mental capacity to adequately represent himself.

Because the magistrate judge dismissed the complaint pursuant to 28 U.S.C. § 1915A(b)(1), based on frivolousness and for failure to state a claim, the dismissal is reviewed de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir.2005). Moore argues on appeal that false evidence was presented and relevant evidence was not introduced at his disciplinary proceedings in violation of his due process rights. Because Moore has failed to show that the disciplinary conviction had been reversed or expunged, the magistrate judge correctly determined that those claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). Insofar as

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

he complains about the outcome of his grievances concerning the disciplinary proceedings, Moore had no "federally protected liberty interest in having his grievances satisfied to his satisfaction." *See Geiger*, 404 F.3d at 374. Thus, the magistrate judge did not err in dismissing these claims as frivolous or for failure to state a claim.

Regarding the argument that prison officers conspired to have Moore placed in administrative segregation and acted in retaliation for his filing complaints, Moore failed to allege facts showing a chronology of events giving rise to an inference that prisoner officers acted with such intent. His conclusional allegations, based solely on his personal beliefs, were not sufficient to support a valid constitutional claim for conspiracy or retaliation. *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995)(en banc); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

The appellant argues that he attempted to exhaust his grievances concerning his legal mail and that this claim should be deemed exhausted. Moore was required to exhaust administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock,* 549 U.S. 199, 202 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Moore's pleadings and the attachments thereto affirmatively reflect that his failure to exhaust was the result of his own actions. Thus, the magistrate judge did not err in dismissing the legal mail claim for failure to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). Moore has not disputed the magistrate judge's determination that he failed to exhaust his failure-to- protect claim. Thus, he has abandoned that issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Moore has not addressed in his brief his claims concerning the confiscation of his property, the denial of medical care, his change in custody status, his placement in segregation in his shorts and t-shirt, and his exposure in segregation to other conditions constituting cruel and unusual punishment. Thus, he has abandoned those claims on appeal. *See Yohey,* 985 F.2d at 224-25.

Moore has also raised arguments for the first time about inhumane conditions and conduct that occurs generally in the Texas prison system. These allegations were not made in Moore's complaint and would require the determination of numerous factual issues. Thus, these arguments are not subject to determination on appeal. *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

Moore has not raised an issue of arguable merit and, thus, the appeal is dismissed as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. Both this court's dismissal of the instant appeal and the magistrate judge's dismissal of Moore's complaint for failure to state a claim and as frivolous count as strikes for purposes of 18 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Moore is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.