# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2014

Lyle W. Cayce
Clerk

No. 13-10805
Summary Calendar

STEVEN EDWARD BOYD,

Plaintiff-Appellant

v.

JAMES A. FARRIN, Randall County District Attorney; TOBY HUDSON, Corporal; RAYMOND LANCASTER, Captain; NFN LANDRUM, Officer; NFN LOGAN, Officer; RAYMOND SOTO, Officer; MICHAEL HANCOCK, Officer; JAMES CLEMENTS, Officer; NFN SANDERSON, Sergeant; COREY JONES, Sergeant; KEITH A. CARGO; NFN AINSWORTH; KYLE HAWLEY; NFN PONCE; ANTHONY MERRYMAN; MICHAEL MOGELINSKI; NFN KRIZAN; BRENDA ANN HADLEY; NFN PACHECO,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:13-CV-60

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Steven Edward Boyd, a Texas pretrial detainee, filed a pro se civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging that (1) various members of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

SWAT team that arrested him violated his constitutional rights by threatening the lives of his children and conducting a warrantless search of his residence and his car; (2) District Attorney James Farrin lied to the grand jury in order to have Boyd charged for crimes that he did not commit; and (3) various members of the SWAT team assaulted him in front of his children and illegally interrogated him while ignoring his requests for an attorney. He sought both monetary and injunctive relief for his claims. The district court stayed his claims for illegal search and seizure to the extent that he requested monetary relief and ordered him to file an update on the status of his state criminal proceedings every 90 days. The district court dismissed his requests for injunctive relief under the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), and dismissed his remaining claims for failure to state a claim or as frivolous.

On appeal, Boyd argues that this court should decide the constitutional issues set forth in his claims and order the state prosecutor to provide him with copies of his state criminal proceedings to provide evidentiary support for his claims. He argues that the district court erred in construing his request for monetary relief as being based solely upon his claims of illegal search and seizure. He argues that this court should order the defendants to pay him $6 million in damages. He also requests appointment of counsel and an order requiring an evidentiary hearing. To the extent that Boyd attempts to rely upon evidence submitted for the first time on appeal, we may not consider that evidence or his arguments that rely upon that evidence. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). "[W]e may affirm on any ground supported by the record, including one not reached by the district court. This is so even if neither the appellant nor the district court addressed the

ground, so long as the argument was raised below." *Gilbert v. Donahoe*, ___ F.3d ___, No. 13–40328, 2014 WL 1704129, at *5 (5th Cir. 2014).

In his amended complaint, Boyd stated that the relief he wanted was "charges dropped/immediate release from incarceration. Compensation for loss of wages & pain & suffering [sic] physical/emotional distress." Thus, Boyd's broad request was for both injunctive relief and for damages as to all of his claims.

As to Boyd's request for injunctive relief, all of his claims must be dismissed pursuant to the *Younger* abstention doctrine. We review a district court's abstention ruling for an abuse of discretion but we review *de novo* whether the elements of *Younger* abstention are present. *Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). Boyd requested that the district court enjoin the state criminal proceedings, which is precisely the crux of what *Younger* forbids a federal court to do. *See Younger*, 401 U.S. at 749; *Ballard v. Wilson*, 856 F.2d 1568, 1569-70 (5th Cir. 1988); *see also Price v. Porter*, 351 F. App'x 925, 927 (5th Cir. 2009) (per curiam) (unpublished). Boyd makes no argument, beyond a conclusory assertion, for why the failure to address his constitutional claims would result in irreparable injury that is both great and immediate, such that *Younger* should not apply. *See Younger*, 401 U.S. at 46 (internal quotation marks omitted). Therefore, we affirm the district court's dismissal of Boyd's claims to the extent that he seeks injunctive relief for those claims.

As to Boyd's request for damages, we have held that *Younger* is not applicable to claims for damages. *See Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (citing *Allen v. La. State Bd. of Dentistry*, 835 F.2d 100, 104 (5th Cir. 1988)). Even if *Younger* applies, the proper course of action is for a district court to stay the claims for damages pending the outcome of the state

proceedings, such that they can move forward without interference. *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988). However, this preference for a stay applies only where there is "no question that [a complaint] allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction." *Id.* 204; *Marts v. Hines*, 68 F.3d 134, 135 & n.5 (5th Cir. 1995); *Cassell v. Osborn*, Nos. 93-1557, 93-1607, 93-2079, 23 F.3d 394, at \*2 (1st Cir. 1994) (unpublished). We have interpreted this limitation to mean that a stay is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915. *See Marts*, 68 F.3d at 135 & n.5; *see also Ballard v. Wilson*, 856 F.2d 1568, 1569-70 (5th Cir. 1988) ("[A] federal district court has no discretion to dismiss *cognizable* claims for monetary relief which cannot be redressed in a pending state proceeding.") (emphasis added); *Cassell*, 23 F.3d at \*2-4 (concluding that a district court may proceed to decide whether a claim for damages should be dismissed for failure to state a claim); *Williams v. Hepting*, 844 F.2d 138, 143 (3d Cir. 1998) (same); *Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995) (same).

A district court is required to dismiss a prisoner's civil rights complaint if it is frivolous, malicious, or fails to state a claim for relief. 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Because the district court dismissed Boyd's § 1983 complaint as frivolous or for failure to state a claim under § 1915A and § 1915(e)(2), our review is *de novo* under the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is facially plausible if the plaintiff pleads facts that allow a court "to draw the reasonable

4

inference that the defendant is liable for the misconduct alleged." *Id.* A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

The district court did not err in dismissing Boyd's malicious-prosecution, illegal-arrest, and bystander-liability claims. In his completed questionnaire, Boyd conceded that he did not know whether Farrin told the alleged lie and that he did not even know if Farrin presented the case to a grand jury, which undermines the validity of his claim against Farrin. In any event, we have held that a claim of malicious prosecution, standing alone, is not a violation of the United States Constitution and that to proceed under § 1983 such a claim must rest upon a denial of rights secured under federal law. *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc). Although the "initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection," those claims are for the "lost constitutional rights" and "are not claims for malicious prosecution." *Id.* at 953-54. Furthermore, Boyd conceded that his arrest was based on an outstanding municipal warrant for tickets and does not specifically respond to the district court's conclusion that his arrest was valid because of that warrant. To the extent that Boyd's claims relied upon verbal threats, he has not stated a constitutional violation. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993). Moreover, Boyd could not pursue claims on behalf of his children, and, in any event, there is no constitutional right to be free from witnessing a police action. *See Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986) (holding that any person claiming a deprivation of constitutional rights must prove a violation of their personal rights); *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 172 (5th Cir. 1985) (holding that there is no constitutional right to be free from witnessing a police action).

The district court did err, however, in dismissing Boyd's excessive-force claim. To prove a claim for excessive force, a plaintiff must show "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012) (internal quotation marks and citation omitted). Claims of excessive force involve a fact-intensive inquiry. *Newman v. Guedry*, 703 F.3d 757, 761 (5th Cir. 2012). The plaintiff must show he suffered a cognizable injury, which is determined based upon a subjective analysis of the context in which the injury arose. *Williams v. Bramer*, 180 F.3d 699, 703-04 (5th Cir. 1999).

In his amended complaint and completed questionnaire, Boyd alleged that the ten to fifteen arresting officers assaulted him by violently forcing him to the ground, shoving his head to the ground with assault rifles, and putting their feet on his neck to keep him down. As to his conduct, Boyd alleged that he repeatedly asked the officers why he was being arrested. Boyd further alleged that when the officers finally informed him why they were arresting him, they told him it was for parking tickets. When accepted as true, these allegations are sufficient to state a plausible claim of excessive force. *See Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999) (holding that facts were sufficient to assert an excessive-force claim where plaintiff alleged that officer became frustrated after search and grabbed him by the throat, causing dizziness and loss of breath); *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 621 (5th Cir. 1992) (noting that facts which would allow the determination that officers' conduct was unreasonable include reasons given by officers for being called to the scene, plaintiff's own conduct during the incident, and other circumstances surrounding arrest). Therefore, the district court erred in dismissing Boyd's excessive-force claim as either frivolous or for

failure to state a claim. *See Samford*, 562 F.3d at 678; *Ashcroft*, 556 U.S. at 678.[1]

In sum, as to Boyd's request for injunctive relief, we affirm the district court on the ground that all of the claims must be dismissed pursuant to the *Younger* abstention doctrine. As to Boyd's request for damages, we affirm the district court's dismissal of Boyd's malicious-prosecution claim, illegal-arrest claim, bystander liability-claim, and all claims to the extent that they rely upon verbal threats. We likewise affirm the district court's order staying Boyd's request for damages for his illegal-search-and-seizure claim and requiring Boyd to file an update on the status of his criminal cases every 90 days. We reverse the district court's order dismissing Boyd's excessive-force claim and remand for further proceedings. We deny Boyd's request for appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982). We deny Boyd's request for an order requiring an evidentiary hearing without prejudice to its consideration on remand.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART. MOTIONS FOR APPOINTMENT OF COUNSEL AND AN EVIDENTIARY HEARING DENIED.

---

[1] To the extent that Boyd's excessive-force claim relied on the officers' verbal threats, the district court did not err in dismissing the claim. *See Brumley*, 1 F.3d at 274 n.4.