# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30252
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2015

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant,

v.

DATE LINE NBC; STEVEN BAJAT,

Defendants-Appellees.

Appeal from the United States District Court
Western District of Louisiana
U.S.D.C. 6:13-cv-2118

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

Louisiana state prisoner #424229 Brandon Scott Lavergne filed suit *pro se* in federal court against Defendant NBCUniversal Media, LLC, ("NBC"),[1]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Lavergne's complaint names "Dateline NBC" as the defendant in these proceedings, however, Defendant submits on appeal that no such entity exists and that "'Dateline' NBC" is a television news program produced by NBC News, a division of NBCUniversal Media, LLC. Accordingly, Defendant will be listed as "NBCUniversal Media, LLC" and hereinafter referred to as "NBC" for purposes of this appeal.

No. 14-30252

asserting various state and federal law tort claims, requesting punitive and actual damages.[2]    The district court dismissed Lavergne's claims with prejudice.  We affirm.

## I.

Brandon Scott Lavergne is currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, where he is serving two life sentences following his August 2012 convictions for the murders of Michaela Shunick and Lisa Pate.  On January 29, 2013, NBC broadcast an episode of its news magazine program "Dateline NBC," entitled "Missing Mickey," which focused on the Lafayette Police Department's investigation of Shunick's disappearance and the subsequent arrest of Lavergne for her murder.  Neither party disputes that Shunick's disappearance and murder garnered national media attention.

After the episode aired, Lavergne filed suit in federal district court pursuant to 42 U.S.C. § 1983 seeking actual and punitive damages for libel and slander and alleged violations of his constitutional rights.  More specifically, Lavergne alleged that the television show contained defamatory, false, and misleading statements with respect to: (1) Lavergne's use of escort services; (2) Lavergne's close pursuit of Shunick prior to her murder; (3) Lavergne's tendencies to seduce women and maintain multiple girlfriends at a time; (4) the implication that Lavergne's murder of two women could lead one to conclude that he could kill other women; (5) the conclusion that Shunick's

---

[2] Detective Steven Bajat appears on the "Defendants" section of the District Court's civil docket sheet and consequently, this court directed him to file a brief in these proceedings. Det. Bajat, however, has submitted in his appellate brief that he was never joined as a defendant or named as a defendant in Lavergne's suit.  Additionally, he was never served with notice of Lavergne's suit.  Moreover, the magistrate judge's report as adopted by the district judge notes that "'Dateline' NBC" is the sole named defendant in Lavergne's suit. Our review of the record confirms these details.  Consequently, we hold that Det. Bajat is not a party to these proceedings and is not bound by any judgment resulting from the litigation herein. *In re Liljeberg Enter., Inc.*, 304 F.3d 410, 468 (5th Cir. 2002) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969)).

murder was brutal; (6) Lavergne's impairment from drugs and/or alcohol on the night of the murder; and, (7) Lavergne's "darkside." Lavergne claims that these representations of him on the show were false and constituted libel and slander in violation of his constitutional rights. Lavergne also alleged that NBC committed "theft" of Lavergne's intellectual property by showing photographs that came from his computer and iPhone, and for showing his driver's license which displays his status as a sex offender. Lavergne argued that he was entitled to actual and punitive damages for NBC's alleged violation of his constitutional rights.

## II.

Lavergne's suit was initially referred to a magistrate judge ("MJ") for review, report and recommendation of the disposal of Lavergne's claims to the district court. The MJ recommended that Lavergne's claims against NBC be dismissed. In his report and recommendation, the MJ noted as a preliminary matter that Lavergne had not been granted post-conviction relief to date.

In his analysis, the MJ concluded that Lavergne's civil rights claims under 42 U.S.C. § 1983 failed to state a claim upon which relief could be granted because Defendant NBC was not a state actor but rather a private broadcasting corporation which was in no way "clothed with the authority of state law." *See United States v. Classic*, 313 U.S. 299, 326 (1941). Additionally, there was no factual basis supporting a claim of conspiracy between NBC and a state actor to support a claim under § 1983. *See Marts v. Hines*, 68 F.3d 134, 135-36 (5th Cir. 1995). Accordingly, the MJ recommended dismissal of Lavergne's civil rights claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Next, the MJ concluded that "[t]o the extent that Lavergne also seeks monetary damages from NBC for broadcasting alleged falsities, some of which form the factual basis for Lavergne's guilty plea for the murders of Shunick and Pate, for which Lavergne is serving two life sentences," his claims were

No. 14-30252

*Heck*-barred since Lavergne's conviction and sentence had never been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of *habeas corpus*. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The MJ then recommended that Lavergne's defamation claims under state law be dismissed because they were not actionable as a matter of law under the "libel-proof plaintiff doctrine." *See Lamb v. Rizzo*, 391 F.3d 1133, 1137-38 (10th Cir. 2004).[3] This doctrine recognizes that certain plaintiffs with criminal convictions who are notorious for their past criminal acts have such poor reputations that they are unlikely as a matter of law to recover more than nominal damages for an allegedly defamatory publication. *Id.*

Finally, the MJ concluded in the alternative that the federal courts could not exercise diversity jurisdiction over Lavergne's state law claims because the requisite amount in controversy was lacking in light of Lavergne's libel-proof status which permitted an award of, at most, nominal damages. 28 U.S.C. § 1332; *Lamb*, 391 F.3d at 1137-38.

The district judge adopted the report and recommendation of the MJ and dismissed Lavergne's claims with prejudice.[4] Lavergne filed this appeal.

On appeal, Lavergne argues that: (1) *Heck v. Humphrey* does not allow his claims to be dismissed with prejudice; (2) the "libel-proof plaintiff doctrine" is unconstitutional and denies equal protection of the law to all citizens; (3) his

---

[3] The MJ noted that the Louisiana Supreme Court has not yet adopted the "libel-proof plaintiff doctrine," but reasoned that, as a federal court sitting in diversity making an "*Erie* guess," the Louisiana Supreme Court would likely adopt the doctrine upon being presented with Lavergne's complaint. *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002).

[4] The district judge noted after dismissing Lavergne's claims for money damages against NBC that the claims were subject to reassertion should the requirements of *Heck v. Humphrey* be met. *Heck*, 512 U.S. at 486-87.

case should be remanded for adjudication of his state law claims by the district court; (4) the federal court does have diversity jurisdiction over his case because he is seeking more than $75,000 in damages from NBC; (5) this court should order discovery and an evidentiary hearing to help establish the facts of his case or order the district court to do so; (6) NBC conspired with state law enforcement officials to violate his civil rights so he does have a valid claim under 42 U.S.C. § 1983; (7) the district court mishandled his motion to recuse itself and denied him of his Fourteenth Amendment right to due process; (8) he is entitled to damages in the amount of $10,000 per photo shown on the "Missing Mickey" episode, $500,000 for mental anguish, $1,000,000 for libel and slander, and punitive damages of $10,000,000; (9) NBC should be ordered to do an on air retraction of the "Missing Mickey" episode; (10) he should be allowed to amend his suit and sever any issues that are *Heck*-barred; (11) he should be appointed counsel; and, (12) this court should rule that NBC is liable for libel and slander against him.

## III.

The standard of review for a district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) is de novo. *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010) (citation omitted).

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, and the district court's judgment and reasoning adopting the magistrate judge's report and recommendation, we AFFIRM the district court's judgment and adopt its analysis in full.