# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2026

Lyle W. Cayce
Clerk

————————

No. 26-40101
Summary Calendar

————————

Shawn Olali,

*Plaintiff—Appellant*,

*versus*

Paul Johnson, *in Official Capacity as District Attorney*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:26-CV-125

———————————————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Plaintiff Shawn Olali, proceeding pro se, brought this suit challenging the constitutionality of a Texas statute limiting discovery for unrepresented criminal defendants. The district court dismissed the case, holding that *Younger* abstention is required. We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-40101

Olali is currently being prosecuted in Denton County, Texas on a misdemeanor charge. He is not represented in that proceeding. Olali alleges he sent proper discovery requests in that case, but the State refused to produce electronic copies of the evidence, citing Article 39.14(d) of the Texas Code of Criminal Procedure. That Article provides that "[i]n the case of a pro se defendant, if the court orders the state to produce and permit the inspection of a document, item, or information under this subsection, the state shall permit the pro se defendant to inspect and review the document, item, or information *but is not required to allow electronic duplication.*"

In the instant case, Olali brings as-applied and facial constitutional challenges to Article 39.14(d) pursuant to 42 U.S.C. § 1983. He asserts that Article 39.14(d) infringes his Sixth Amendment right to represent himself. Further, he alleges the Article violates his Fourteenth Amendment rights to due process and equal protection by treating pro se defendants less favorably than represented defendants. Acting on the recommendation of a magistrate judge, the district court dismissed the suit on abstention grounds.

We agree. The Supreme Court's *Younger* abstention doctrine requires a federal court to decline to hear a case "when three criteria are met: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges."[1]

Olali does not dispute that the first two criteria are met here. As to interference with an ongoing state proceeding, Olali seeks injunctive relief that would compel the prosecutor in his underlying criminal case to produce

---

[1] *Daves v. Dall. Cnty.*, 64 F.4th 616, 625 (5th Cir. 2023) (internal quotation marks omitted).

2

discovery materials to him in a particular format. And regarding Texas's interest, "states have a vital interest in regulating their pretrial criminal procedures."[2]

Olali disputes only the third criterion: his ability to raise the issue in his state case. But we see no reason why Olali could not file a motion raising his constitutional challenges to Article 39.14(d) in state court and seeking to compel the discovery. Indeed, Olali admits in his Complaint that he *has* filed "motions and requests in the state trial court" but complains that these efforts have "not produced timely relief." However, "[f]ederal intervention is not necessitated whenever an appellant contends that he will lose in state court. Instead, intervention is appropriate only if a party has no *opportunity* to present his federal claim in a state proceeding."[3]

Even though Olali has filed motions in state court, he argues on appeal that he lacks an opportunity to present his claim in that forum. He points to *Powell v. Hocker*[4] for the proposition that Texas courts are "procedurally incapacitated" from resolving his challenge to Article 39.14(d). In that case, an attorney requested court permission to provide copies of discovery to her client, despite the express prohibition on such provision in a different discovery rule, Article 39.14(f).[5] The district court granted the request, but on mandamus the Texas Court of Criminal Appeals held that the trial court had no discretion to ignore the clear statutory language of Article 39.14(f) and grant a permissive exception.[6] Olali argues that *Powell* thus stands for the

---

[2] *Id.* at 627 n.21.

[3] *Ballard v. Wilson*, 856 F.2d 1568, 1571 (5th Cir. 1988).

[4] 516 S.W.3d 488, 494 (Tex. Crim. App. 2017).

[5] *Id.* at 490.

[6] *Id.* at 497.

proposition that his Texas trial court has no ability to consider his challenge to Article 39.14(d).

We disagree. *Powell* did not involve a constitutional challenge like the one Olali seeks to mount. At most, that case stands for the proposition that Texas trial courts cannot grant discretionary exemptions to the mandatory provisions of Article 39.14. But it certainly does not foreclose trial courts from adjudicating constitutional attacks on Article 39.14(d) itself.

Finally, Olali appears to argue that he has been prosecuted in bad faith in the state proceeding, such that an exception to *Younger* abstention applies.[7] "A prosecution is taken in bad faith if state officials proceed 'without hope of obtaining a valid conviction.'"[8] However, Olali's argument is not coherent: he does not even explain the nature of the charge he is facing in the state proceeding or the events underlying that charge. His brief alleges in hazy terms that an unnamed officer attempted to coerce an unnamed witness to change their testimony "on the day of the investigation." But there is no information about the context of this incident or its connection to Olali's prosecution. Accordingly, Olali fails to show that he had been prosecuted in bad faith so as to avoid *Younger* abstention.

Overall, the district court correctly determined that abstention is warranted in this case. We thus AFFIRM.

---

[7] *See Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (explaining that where the *Younger* abstention criteria are satisfied, a federal court may nonetheless hear the case if "the state-court proceeding was brought in bad faith or to harass the federal plaintiff.").

[8] *Id.* at 881 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).