United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40539
Conference Calendar

BILLY RELL MILES,

                                        Plaintiff-Appellant,

versus

JAMES ZELLERS; DOUG DRETKE,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CV-611
---------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

    Billy Rell Miles, Texas prisoner # 695744, moves for (1) a
180-day stay of his 42 U.S.C. § 1983 suit pending exhaustion of
his habeas remedies or, in the alternative, (2) equitable tolling
of the limitations period to prevent his civil rights claim from
becoming forever precluded. Miles's civil rights suit was
dismissed by the district court pursuant to Heck v. Humphrey,
512 U.S. 477, 486-87 (1994). Fearing that upon exhaustion of his

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

habeas remedies his federal suit will be deemed time-barred, he seeks the aforementioned relief.

However, a suit brought pursuant to 42 U.S.C. § 1983 that challenges the legality of the plaintiff's conviction, or in Miles's case a disciplinary conviction, is not cognizable unless the conviction has been invalidated.  See Arvie v. Broussard, 42 F.3d 249, 250 (5th Cir. 1994); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc).  Given that Miles has not secured the invalidation of his disciplinary conviction on habeas review, his 42 U.S.C. § 1983 cause of action has not yet accrued, and, consequently, the statute of limitations has not commenced. Miles's motion for a stay or, in the alternative, equitable tolling is therefore denied.  Furthermore, given that any appeal would be frivolous, Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983), the appeal is dismissed.  See Baugh v. Taylor, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.