**Osbaldo ELIZONDO, Plaintiff–Appellant**

v.

**Brad LIVINGSTON, Executive Director; Barry L. Martin, Senior Warden; James R. Beach, Assistant Warden; Gregory S. David, Assistant Warden; Christopher R. Campos, Sergeant; Juan Vasquez, Correctional Officer;**

**Ralph A. Chavez, Sergeant; Maria E. Maes, Sergeant; J.B. Clark, Major; Kenneth McCoy, Lieutenant, Defendants–Appellees.**

No. 14–11203

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 10, 2016.

Osbaldo Elizondo, Amarillo, TX, pro se.

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Osbaldo Elizondo, Texas prisoner # 1306151, appeals the dismissal with prejudice of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2). He also moves for the appointment of appellate counsel and for a temporary restraining order and a preliminary injunction pending appeal. We review the dismissal of Elizondo's complaint de novo. *See Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir.2005).

Elizondo argues that each of the defendants acted with deliberate indifference to his safety and that, as a result, he was sexually assaulted by his cellmate. Taking all of Elizondo's allegations as true, none of those allegations establish that any of the defendants "(1) were aware of facts from which an inference of an excessive risk to [Elizondo's] health or safety could

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be drawn and (2) that they *actually* drew an inference that such potential for harm existed." *Rogers v. Boatright,* 709 F.3d 403, 407–08 (5th Cir.2013) (emphasis added) (internal quotation marks and citation omitted). The defendants' actions, as alleged by Elizondo, were not "so utterly heedless as to amount to deliberate indifference." *Brown v. Callahan,* 623 F.3d 249, 256 (5th Cir.2010). Additionally, neither claims based on negligence nor those based solely on the theory of supervisory liability are cognizable under § 1983. *Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir.2011); *Eason v. Thaler,* 73 F.3d 1322, 1329 n. 3 (5th Cir.1996).

Although prisoners must be accorded reasonable opportunities to exercise their religious freedoms guaranteed by the First Amendment, *see Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972), Elizondo alleged only that prison officials refused his request to be housed with another inmate of the same faith. He alleged nothing to suggest that any official prevented him from exercising his own religion. Accordingly, the district court did not err in determining that Elizondo failed to state a claim of deliberate-indifference-to-safety or a claim of a First Amendment violation upon which relief could be granted. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

According to Elizondo, one prison official violated his due-process rights by having his rape examination conducted in the unit infirmary rather than sending Elizondo to a free-world hospital for the examination. The district court found that Elizondo had not specifically identified the process to which he was due and which he had been denied. The district court surmised that Elizondo's argument was based on the official's failure to follow state or prison policy or regulation that such examinations be conducted in a free-world hos-

pital. Elizondo does not contend that the district court misconstrued his claim. Absent some other constitutional violation, "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process." *Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996). The district court thus properly dismissed Elizondo's due-process claim as frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Contrary to Elizondo's assertions otherwise, the district court accepted all of Elizondo's allegations as true. Additionally, rather than creating arguments for the defendants, the district court followed the statutory requirement that it screen Elizondo's complaint and dismiss any portion that was frivolous or failed to state a claim. *See* § 1915A(b). Finally, under circumstances such as those presented here, a dismissal as frivolous under § 1915(e)(2) may be with prejudice. *See Graves v. Hampton,* 1 F.3d 315, 318–19 & n. 17 (5th Cir.1993), *abrogated on other grounds by Arvie v. Broussard,* 42 F.3d 249, 250 (5th Cir.1994).

In light of the foregoing, Elizondo's outstanding motions are denied and the judgment of the district court is affirmed. The district court's dismissal of Elizondo's complaint counts as a strike for purposes of § 1915(g). Elizondo is cautioned that if he accumulates three strikes, he will no longer be able to proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTIONS DENIED; JUDGMENT AFFIRMED; SANCTION WARNING ISSUED.